IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-687-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| MOSAID TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOSAID TECHNOLOGIES INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS 19 AND 20 OF THE COMPLAINT**

OF COUNSEL:

Henry C. Bunsow
K. T. Cherian
Scott Wales
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: October 7, 2010

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*MOSAID Technologies Inc.*

## I. INTRODUCTION

MOSAID Technologies Inc. ("MOSAID") brings this motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss counts 19 and 20 in the complaint of Cisco Systems, Inc. ("Cisco") for lack of subject matter jurisdiction. Counts 19 and 20 seek a judicial declaration of non-infringement and invalidity for the claims currently contained in U.S. Application No. 11/264,011 (the "'011 Patent Application"). However, there is no actual controversy between MOSAID and Cisco relating to the claims in the '011 Patent Application because the '011 Patent Application has not yet resulted in the issuance of a patent. In the absence of an actual controversy, the Court does not have subject matter jurisdiction to adjudicate counts 19 and 20 and, therefore, they must be dismissed.

## II. NATURE AND STAGE OF PROCEEDINGS

Plaintiff initiated this action on August 13, 2010 when it filed its complaint for declaratory judgment (the "Complaint") against MOSAID. D.I. 2. In its complaint, Cisco seeks a judicial declaration that it does not infringe nine patents (counts 1, 3, 5, 7, 9, 11, 13, 15 and 17) and one patent application (count 19) and that those same nine patents and one patent application are invalid (counts 2, 4, 6, 8, 10, 12, 14, 16, 18 and 20). *Id.* By agreement of the parties and Court order, MOSAID's time to respond to the Complaint was extended until October 7, 2010. D.I. 8. No other action has taken place in this case.

## III. SUMMARY OF ARGUMENT

Cisco's claim for a judicial declaration that it "will not infringe . . . any valid and enforceable allowed claim of the '011 patent application" and its claim for a judicial declaration that "[t]he allowed claims of the '011 patent application are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et*

*seq.,* 101, 102, 103 and 112" should be dismissed because these claims are not ripe and therefore the Court does not have subject matter jurisdiction over them.

## IV. STATEMENT OF FACTS

On October 2, 2009, MOSAID's Vice President, General Counsel and Corporate Secretary sent a letter to Cisco's Senior Vice President, General Counsel and Corporate Secretary informing Cisco that MOSAID owned United States Patent Nos. 5,841,360, 7,035,280, 7,292,600 and 7,187,695 and that certain Cisco products infringed those patents.[1]  Complaint at ¶¶ 5-7. Subsequent to that letter, Cisco and MOSAID entered into a standstill agreement that also contained an exclusive venue agreement for a period after the expiration of the standstill agreement. *Id.* at ¶¶ 8-9. The parties entered into a second standstill agreement and exclusive venue agreement on March 29, 2010. Under that agreement, a standstill was in place until noon PDT, July 1, 2010 and the parties agreed that any action relating to the asserted patents brought before noon PDT, October 1, 2010, had to be brought in this Court. *Id.* at ¶¶ 12-13. In May 2010, MOSAID asserted that it also owned United States Patent Nos. 6,842,459, 7,633,966, 7,636,373, 7,016,368, 7,483,524, and that certain Cisco products infringed those patents. *Id.* at ¶ 15. In addition, MOSAID informed Cisco that it had a pending patent application, the '011 Patent Application, that was "related to one or more of the patents" asserted by MOSAID. *Id.* Cisco filed its Complaint on August 13, 2010 seeking a judicial declaration that the patents and patent application asserted by MOSAID were invalid and that Cisco did not infringe them. D.I. 2.

---

[1] For the purposes of this motion only, Plaintiff's factual allegations are assumed to be true. *Czarnik v. Illumina, Inc.*, 437 F. Supp. 2d 252, 256 (D. Del. 2006).

## V. ARGUMENT

When bringing a claim in federal court, a plaintiff has the burden of showing that it meets the standing requirements of Article III. *Czarnik*, 437 F. Supp. 2d at 256. In this instance, Cisco must show "(1) an injury in fact, which is concrete and actual or imminent, (2) a casual connection between the injury and the conduct complained of, and (3) that the injury will be redressed by a decision of the court." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). In addition, in order for the Court to have jurisdiction to adjudicate Cisco's declaratory judgment claims, there must be "an actual controversy." *Czarnik*, 437 F. Supp. 2d at 258; *see also GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 481 (Fed. Cir. 1996). Even assuming the allegations in the Complaint to be true, counts 19 and 20 regarding the '011 Patent Application must be dismissed because there is no actual controversy between the parties.

The Federal Circuit held in *GAF Building Materials Corp. v. Elk Corporation of Dallas* that a dispute over a future patent not in existence at the time a complaint is filed is "purely hypothetical and call[s] for an impermissible advisory opinion." *GAF Building Materials*, 90 F.3d at 482. Consequently, "a threat is not sufficient to create a case or controversy unless it is made with respect to a patent that has issued before a complaint is filed." *Id.*; *see also Czarnik*, 437 F. Supp. 2d at 259 (holding that "even if there were a case or controversy regarding the unenforceability of Defendant's patents, the Court would not have jurisdiction over Plaintiff's declaratory judgment claims as they relate to pending patent applications."); *Pfizer Inc. v. Ranbaxy Laboratories Ltd.*, 525 F. Supp. 2d 680, 686 (D. Del. 2007) ("The existence of issued and presently enforceable patent claims against a declaratory judgment plaintiff is a necessary prerequisite to the continued litigation of a declaratory judgment action."). Nor does it matter that the patent may issue sometime during the litigation

3

because "[j]usticiability must be judged as of the time of filing." *GAF Building Materials*, 90 F.3d at 482.

It is clear from the allegations in Cisco's Complaint that the '011 Patent Application has not yet resulted in the issuance of an actual patent. *See* Complaint at ¶ 15 (describing the '011 Patent Application as "a pending patent application"). In the absence of an issued and presently enforceable patent, there is no actual controversy between Cisco and MOSAID regarding the '011 Patent Application. Counts 19 and 20 of the Complaint must therefore be dismissed.

## VI. CONCLUSION

For the foregoing reasons, MOSAID respectfully requests that the Court dismiss counts 19 and 20 of the Complaint.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Henry C. Bunsow
K. T. Cherian
Scott Wales
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: October 7, 2010
981889

By: /s/ *Philip A. Rovner*
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*MOSAID Technologies Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that, on October 7, 2010, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and the document is available for viewing and downloading from CM-ECF:

## BY CM/ECF AND EMAIL

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

I hereby certify that on October 7, 2010 I have sent by E-mail the foregoing document to the following non-registered participants:

Eric R. Lamison, Esq.
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Eric.lamison@kirkland.com

Steven Cherny, Esq.
Kirkland &Ellis LLP
601 Lexington Avenue
New York, NY 10022
Steven.cherny@kirkland.com

John M. Desmarais, P.C.
Desmarais LLP
230 Park Avenue
New York, NY 10169
jdesmarais@desmaraisllp.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

976598