IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-687-GMS |
| | ) | |
| v. | ) | |
| | ) | |
| MOSAID TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MOSAID TECHNOLOGIES INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNTS 19 AND 20 OF THE COMPLAINT

OF COUNSEL:

Henry C. Bunsow
K. T. Cherian
Scott Wales
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: November 4, 2010

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*MOSAID Technologies Inc.*

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT...........................................................................................................................2

    A. The Court Lacks Jurisdiction Over Counts 19 and 20............................................2

    B. Cisco's Opposition Does Not Moot MOSAID's Motion ........................................3

    C. MOSAID's Motion is Consistent with its Position in Another Litigation ..............4

III. CONCLUSION .......................................................................................................................5

## TABLE OF AUTHORITIES

**CASES**

 **Pages**

*Armstrong World Industries, Inc. by Wolfson v. Adams*,
   961 F.2d 405 (3d Cir. 1992) ................................................................................................2

*GAF Building Materials Corp. v. Elk Corp. of Dallas*,
   90 F.3d 479 (Fed. Cir. 1996) ................................................................................................3

*Reich v. Local 30, International Brotherhoood of Teamsters*,
   6 F.3d 978 (3d Cir. 1993) .....................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................1

Fed. R. Civ. P. 15(a)(1)(B) .......................................................................................................1, 3

D. Del. LR 7.1.1 ..........................................................................................................................3

D. Del. LR 7.1.2 ..........................................................................................................................3

## I. INTRODUCTION

MOSAID[1] files this reply in further support of its motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss counts 19 and 20 in Cisco's Complaint for lack of subject matter jurisdiction ("Motion"). Cisco's Answering Brief in Opposition to MOSAID's Motion ("Opposition") never rebuts MOSAID's argument that counts 19 and 20 are not ripe and therefore the Court does not have subject matter jurisdiction over them. *See* D.I. 11. Instead, Cisco first argues that the parties agreed that Cisco could file claims related to the '011 Patent Application. Even if this statement was true, which it is not, the Court's jurisdiction is fixed by Article III of the Constitution and the parties cannot agree to expand it. Second, Cisco argues that MOSAID's Motion will soon be moot and that the parties can work out any remaining issues. Cisco's argument is disingenuous. Under Fed. R. Civ. P. 15(a)(1)(B), Cisco was permitted to file an amended complaint as of right.[2] An amended complaint dropping counts 19 and 20 would have mooted MOSAID's Motion and saved the Court and the parties' time and money. The issuance of a patent from the '011 Patent Application does not moot MOSAID's Motion because this Court's jurisdiction is established at the time Cisco filed its lawsuit. If subject matter jurisdiction does not exist at that time, it cannot be revived by later occurrences. Finally, Cisco argues that MOSAID filed a complaint in the Eastern District of Texas with claims related to a then pending patent application. Cisco's argument is misleading. In the Eastern District of Texas action, MOSAID asked only that the Court allow discovery and infringement contentions concerning the claims of a soon to be issued

---

[1] Defined terms used in this reply have the same meaning as in MOSAID's Opening Brief in Support of Its Motion to Dismiss Counts 19 and 20 of the Complaint ("Opening Brief"). D.I. 10.

[2] Cisco's right to file an amended complaint expired on October 28, 2010, three days after Cisco served its Opposition. *See* Fed. R. Civ. P. 15(a)(1)(B) (MOSAID served its Motion on October 7, 2010).

patent to proceed. MOSAID did not amend its complaint to include the patent until after it issued. MOSAID's position is no different here.

## II. ARGUMENT

### A. The Court Lacks Jurisdiction Over Counts 19 and 20

Cisco argues that MOSAID's Motion should be denied because the "court indisputably has subject matter jurisdiction on eighteen of twenty pleaded counts" and "the parties' Confidential Standstill Agreement . . . expressly contemplated legal action in Delaware over patents *and* patent applications in the SercoNet portfolio." Opposition at 8 (emphasis in original). As an initial matter, it is black letter law that parties cannot agree to expand the jurisdiction of the Court and, therefore, the Confidential Standstill Agreement is irrelevant to MOSAID's Motion. *Reich v. Local 30, International Brotherhood of Teamsters*, 6 F.3d 978, 982, n. 5 (3d Cir. 1993) ("Article III of the U.S. Constitution limits the subject matter jurisdiction of the federal courts and parties cannot confer subject matter jurisdiction on a federal court by consent.").

Cisco's argument that the Court can exercise jurisdiction over counts 19 and 20 because it has jurisdiction over the remaining 18 counts is equally without merit. First, Cisco cites to no authority in support of its argument that a Court can exercise jurisdiction over unripe claims when it has jurisdiction over other claims in the case. Cisco's failure to cite any authority is likely due to the fact that there is none. The ripeness doctrine, and its prohibition on advisory opinions, is rooted in Article III of the Constitution. *See Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992). Consequently, there is no basis for asserting that subject matter jurisdiction exists over the '011 Patent Application because any dispute regarding the '011 Patent Application is "purely hypothetical and call[s] for an

2

impermissible advisory opinion." *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996).

### B. Cisco's Opposition Does Not Moot MOSAID's Motion

As an initial matter, Cisco's "motion" to supplement its Complaint buried in the middle of its Opposition, fails to comply with Delaware Local Rule 7.1.1, which requires Cisco's counsel to aver that it made a reasonable effort to reach agreement with MOSAID on its request to supplement and Local Rule 7.1.2, which requires Cisco to make its request for relief by motion, not in an opposition brief. Cisco, however, did neither; its failure to comply with the Delaware Local Rules is sufficient by itself to warrant dismissal of Cisco's Opposition "motion."

Second, Cisco argues that its Opposition "motion" to add claims related to United States Patent No. 7,830,858 (the "'858 Patent") moots MOSAID's Motion. Opposition at 9-11. Cisco, however, ignored the most obvious and easiest way to moot MOSAID's Motion – filing an amended complaint, as of right, pursuant to Fed. R. Civ. P. 15(a)(1)(B), that dropped counts 19 and 20. Instead, Cisco opposed MOSAID's Motion. Cisco's actions only serve to waste judicial resources and the parties' time and money.[3] Furthermore, the issuance of the '858 Patent is irrelevant to MOSAID's Motion because "[j]usticiability must be judged as of the time of filing." *GAF Building Materials*, 90 F.3d at 482 (holding that "[t]he fact that the patent was about to issue and would have been granted before the court reached the merits of the case is of no moment.").

The Opposition exposes Cisco's real reason for filing a defective complaint. Cisco knew that the exclusive venue period in the parties' second standstill agreement expired on

---

[3] Remarkably, given Cisco's unnecessary Opposition, Cisco states that MOSAID's Motion could have been resolved if MOSAID had met and conferred with Cisco. *See* Opposition at 3, n.6. By failing to file an amended complaint, Cisco clearly proved that it had no interest in resolving MOSAID's Motion without the Court's involvement.

3

October 1, 2010. Opposition at 6-7, Complaint (D.I. 2) at ¶ 13, Ex. 6 at ¶ 2. However, Cisco also knew that the '011 Patent Application had not yet resulted in an issued patent. Opening Brief at 4, Complaint at ¶ 15. Faced with this timing problem, Cisco decided to jump the gun and prematurely filed its Complaint with two unripe claims.

Despite Cisco's premature filing of its Complaint, MOSAID does not object to a properly filed motion to supplement the Complaint that drops Counts 19 and 20 concerning the '011 Patent Application and adds claims related to the newly issued '858 Patent.

### C. MOSAID's Motion is Consistent with its Position in Another Litigation

Cisco's final argument, that its position in this case is consistent with MOSAID's position in a case from the Eastern District of Texas, is wrong, which is perhaps why it is buried in a footnote on the last page of its Opposition. Cisco argues that, in a case pending in the Eastern District of Texas, MOSAID "notified the court that claims of a pending patent application related to three patents-in-suit had been allowed and that MOSAID wished to treat the allowed claims as part of the case *for discovery purposes* in light of overlap with the patents-in-suit." Opposition at 11, n. 9 (emphasis added). Of course, MOSAID's Motion in this case has nothing to do with discovery and Cisco has not issued any discovery requests regarding the '011 Patent Application. Cisco then goes on to assert that "[w]hen the patent in question issued, MOSAID added it to MOSAID's original complaint by simple amendment." Here, Cisco included counts 19 and 20 in its Complaint *before* the '858 Patent issued - the exact opposite action that MOSAID took in the Eastern District of Texas. If Cisco had followed MOSAID's correct example, it would have waited until the '011 Patent Application issued as the '858 Patent before bringing a lawsuit related to its claims.

4

## III. CONCLUSION

For the foregoing reasons, MOSAID respectfully requests that the Court grant its Motion and dismiss counts 19 and 20 of the Complaint.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Henry C. Bunsow
K. T. Cherian
Scott Wales
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Dated: November 4, 2010
988435

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendant*
*MOSAID Technologies Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that, on November 4, 2010, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification of such filing to the following; that the document was served on the following counsel as indicated; and the document is available for viewing and downloading from CM-ECF:

BY CM/ECF AND EMAIL

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com

I hereby certify that on November 4, 2010 I have sent by E-mail the foregoing document to the following non-registered participants:

Eric R. Lamison, Esq.
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Eric.lamison@kirkland.com

Steven Cherny, Esq.
Kirkland &Ellis LLP
601 Lexington Avenue
New York, NY 10022
Steven.cherny@kirkland.com

John M. Desmarais, P.C.
Desmarais LLP
230 Park Avenue
New York, NY 10169
jdesmarais@desmaraisllp.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

976598