IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 10-687 (GMS) |
| v. | ) | |
| | ) | REDACTED - |
| MOSAID TECHNOLOGIES INC., | ) | PUBLIC VERSION |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## CISCO SYSTEMS, INC.'S FIRST SUPPLEMENTAL
## AND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff Cisco Systems, Inc.*

OF COUNSEL:

Eric R. Lamison
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
(415) 439-1400

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John M. Desmarais, P.C.
DESMARAIS LLP
230 Park Avenue,
New York, NY  10169
(212) 351-3400

November 9, 2010 - Original Filing Date
November 9, 2010 - Redacted Filing Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 10-687 (GMS) |
| v. | ) | |
| | ) | REDACTED - |
| MOSAID TECHNOLOGIES INC., | ) | PUBLIC VERSION |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

### CISCO SYSTEMS, INC.'S FIRST SUPPLEMENTAL
### AND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Cisco Systems, Inc. ("Cisco"), for its Complaint and Supplemental Complaint for Declaratory Judgment against Defendant MOSAID Technologies Inc. ("MOSAID"), hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of ten United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and for such other relief as the Court deems just and proper.

### THE PARTIES

2.      Plaintiff Cisco is a corporation duly organized and existing under the laws of California, having a principal place of business on Tasman Drive, San Jose, CA 95143.

3.      On information and belief, Defendant MOSAID is a corporation duly organized and existing under the laws of Ontario, Canada, having a principal place of business at 11 Hines Road, Kanata, Ontario K2K 2X1, Canada.  MOSAID is in the business of patent

acquisition and enforcement, and has filed patent law suits in district courts in several venues in the United States, including filing multiple patent infringement actions in Delaware.

## BACKGROUND OF THE DISPUTE

4.       This declaratory judgment action arises in connection with a portfolio of United States patents and applications, originally issued to or applied for by SercoNet, Ltd. ("SercoNet"), that MOSAID now purports to own.   As further set forth below, starting in October 2009, MOSAID has asserted that certain Cisco products allegedly infringe upon certain patents MOSAID claims to have acquired from SercoNet.

### MOSAID's October 2, 2009 Demand Letter To Cisco

5.       On October 2, 2009, MOSAID, through its Vice President, General Counsel and Corporate Secretary Phillip Shaer, sent a letter to Mark Chandler, Senior Vice President, General Counsel and Corporate Secretary for Cisco, asserting that:

> MOSAID owns a portfolio of approximately 300 patents and applications related to, among others, Power over Ethernet (**"PoE"**), Voice over IP (**"VoIP"**) and cable modems (**"Modem"**) and Asynchronous DSL (**"ADSL"**) modem technology (the **"Portfolio"**), which we acquired in February 2009 from SercoNet, Ltd. (**'Serconet'**).   MOSAID believes that Cisco Systems, Inc. (**"Cisco"**) sells products that utilize this technology and, thus, requires a license.

6.       In its October 2, 2009 letter, MOSAID claimed to own United States Patent No. 5,841,360 ("the '360 patent") entitled Distributed Serial Control System and United States Patent No. 7,035,280 ("the '280 patent") entitled Local Area Network of Serial Intelligent Cells, and asserted that certain enumerated Cisco "PoE products" "infringe at least Claims 18, 19, 23, 25, 27, 30, 31, 36, 41, 43, 45, 46, and 51 of US Patent No. 7,035,280 and Claims 1, 4-6, and 9 of US Patent No. 5,841,360." MOSAID also asserted that certain enumerated Cisco "VoIP products" "infringe at least Claims 1, 5, 7, 9, 11, and 15 of US Patent No. 7,035,280." A true

and correct copy of the '360 patent is attached hereto as Exhibit 1.[1]  A true and correct copy of the '280 patent is attached hereto as Exhibit 2.

7.     As further provided in its October 2, 2009 letter, MOSAID claimed to own United States Patent No. 7,292,600 ("the '600 patent"), entitled Local Area Network of Serial Intelligent Cells, and asserted that certain enumerated Cisco cable modem products "infringe at least Claims 59, 61, 62, 70, 74, 82, 126-128 and 138 of US Patent No. 7,292,600."  A true and correct copy of the '600 patent is attached hereto as Exhibit 3.  MOSAID also claimed to own United States Patent No. 7,187,695 ("the '695 patent"), entitled Local Area Network of Serial Intelligent Cells, and asserted that certain enumerated Cisco ADSL modem products "infringe at least Claims 1, 3, 4, 12, 16, and 68-70 of US Patent No. 7,187,695."  A true and correct copy of the '695 patent is attached hereto as Exhibit 4.

8.     Subsequent to receipt of MOSAID's October 2, 2009 letter, Cisco and MOSAID arranged for meetings and met on two occasions with respect to MOSAID's demand to Cisco.  ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████

9.     ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1]  Exhibits referred to herein that were part of Cisco's original complaint filed on August 13, 2010, are already on file and thus Cisco does not resubmit them.  Exhibit 12 to Cisco's complaint is updated to reflect the issuance of the U.S. Patent No. 7,830,858.

10.

11.

12.

13.

14.

15.    In May 2010, MOSAID made further assertions of claims against additional enumerated Cisco products, asserting claims of Reexamined United States Patent No. 6,842,459 (the "'459 patent") and United States Patent No. 7,633,966 (the "'966 patent") against enumerated Wireless Access Point products that include cable or ADSL modems, asserting claims of United States Patent No. 7,636,373 (the "'373 patent") against Wireless Access Point products implementing PoE, and asserting claims of United States Patent No. 7,016,368 ("the '368 patent") and United States Patent 7,483,524 (the "'524 patent") against enumerated Cisco Powerline Network Adapter products.  MOSAID also made assertions against enumerated Cisco PoE products under claims that, according to MOSAID, had been allowed in a pending patent application, U.S. Application No. 11/264,011.  Pursuant to its notice of issuance, that application issued on November 9, 2010, as U.S. Patent No. 7,830,858 (the "'858 patent").  The '858 patent is purportedly related to the '280, '600, '695, and '368 patents.  True and correct copies of the '459 (including its reexamination certificate), '373, '966, '368 and '524 patents are attached as Exhibits 7-11.  A true and correct copy of the '858 patent is attached as Exhibit 12.  Collectively, the ten patents attached as Exhibits 1-4 and 7-12, are referred to herein as the "Patents-in-Suit."

**MOSAID's Improper Assertions Raise a Justiciable Case or Controversy and Make this Case Exceptional such that MOSAID Should Be Required to Pay Cisco's Fees & Expenses**

16.    MOSAID's October 2, 2009 Demand Letter and assertions, ███████

███████████████████████████████████████████████████████████████████████████

███████████████  provide a substantial controversy between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17.    MOSAID did not invent the technology claimed in the Patents-in-Suit. MOSAID also did not invent the technology claimed in the patents or patent applications in the "portfolio of approximately 300 patents and applications" referred to in its October 2, 2009

letter.  Further, MOSAID does not import into the United States or make, sell or offer for sale any apparatuses or methods practicing any claims of the Patents-in-Suit or any claims of the "portfolio of approximately 300 patents and applications" referenced in its October 2, 2009 letter.  Instead, MOSAID claims to have acquired the Patents-in-Suit from SercoNet and now seeks to extract royalties by accusing Cisco of infringement and demanding that Cisco take a license.

18.    MOSAID is not entitled to any royalties from Cisco.  Cisco did not use any technology in the Patents-in-Suit in the design, development or implementation of Cisco's products.  Cisco has not infringed and does not infringe any claims of the Patents-in-Suit. Indeed, MOSAID distorts the Patents-in-Suit by applying them in a manner that is not supported by and is contrary to the patents' claims, disclosures and histories, in an improper scheme to extract royalties from Cisco to which MOSAID plainly is not entitled.

19.    As a result of MOSAID's improper assertions, this case is exceptional, and Cisco shall be entitled to an award of reasonable fees and expenses it incurs in this matter.

### JURISDICTION

20.    This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*  MOSAID purports to be the owner of all rights to assert the Patents-in-Suit.  MOSAID has asserted that certain Cisco products infringe the Patents-in-Suit as set forth above.  Cisco has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

21.   This Court has personal jurisdiction over MOSAID in this action. MOSAID has contacts with this forum sufficient to satisfy specific or general jurisdiction under the Delaware Long-Arm Statute (10 Del. C. § 3104(c)) and Due Process Clause.

22.   Personal jurisdiction exists over MOSAID in this action ████

██████████████████████████████████████████████████████████████

██████████████████████

23.   In addition, personal jurisdiction over MOSAID in this case arises from MOSAID's multiple contacts with this forum, ██████████████████████████

██████████████████████████████████████████████████████████████

███ availing itself of the Delaware courts in support of its patent monetization scheme including with respect to SercoNet patents it allegedly acquired, entering into agreements with Delaware corporations, common management of a subsidiary previously incorporated in Delaware, and having a registered agent for service of process in the district.

24.   Specifically, personal jurisdiction further exists over MOSAID for this particular matter because MOSAID has used Delaware as a forum to assert patents on multiple occasions, including litigation to enforce SercoNet patents that MOSAID allegedly acquired.  In the case captioned *MOSAID Technologies, Inc. v. ShoreTel, Inc.*, No. 09-cv-314, filed by MOSAID on April 29, 2009 in the United States District Court for the District of Delaware, MOSAID alleged that ShoreTel, Inc. infringed five patents from the SercoNet Portfolio.  Three of those same patents are included in the present case:  The '360, '280, and '524 patents.  In addition, four of the Patents-in-Suit (the '600, '695, '368 patents, and '858 patent) are purportedly related to parent applications for the '280 patent that was asserted against ShoreTel in the District of Delaware.  Therefore, seven of the Patents-in-Suit either were asserted or are

related to patents that were asserted by MOSAID in *MOSAID Technologies, Inc. v. ShoreTel, Inc.* Further, MOSAID's Demand Letter to Cisco refers to the Patents-in-Suit as belonging to "a portfolio of approximately 300 patents and applications . . . which we acquired in February 2009 from SercoNet Ltd."

25.     In addition to the ShoreTel suit that MOSAID brought in this forum, MOSAID has filed other lawsuits in this forum in connection with patent monetization, further supporting personal jurisdiction in this case. For example, MOSAID filed the action *MOSAID Technologies, Inc. v. IBM Corp.*, No. 09-cv-510 (GMS), in Delaware where the case is currently pending. In another example, on March 9, 2010, MOSAID filed the action *MOSAID Technologies, Inc. v. LSI Corporation and Agere Systems, Inc.*, No. 10-cv-192 (SLR), in Delaware, alleging breaches of warranty and contract related to a patent purchase agreement.

26.     Jurisdiction also exists over MOSAID in this forum because, in addition to its use of this forum in support of its patent assertions, MOSAID has directed and controlled one or more subsidiaries in Delaware, including MOSAID Technologies Corporation and MOSAID Delaware, Inc., engaging in a persistent course of conduct sufficient to establish general jurisdiction in Delaware. By way of example, MOSAID's counsel incorporated in Delaware a subsidiary called MOSAID Delaware, Inc., designating a MOSAID officer and director as the first director and registering an agent for service of process with the Delaware Secretary of State, as evidenced by Exhibits 13-14. Similarly, MOSAID directed and controlled a merger between MOSAID Delaware, Inc. and another company, where the surviving entity was eventually named MOSAID Technologies Corporation and registered with the Delaware Secretary of State as evidenced by Exhibit 15. In addition to the above, MOSAID has had multiple additional

subsidiaries incorporated in Delaware.  Accordingly, in light of MOSAID's persistent course of conduct with respect to Delaware subsidiaries, it is subject to personal jurisdiction in Delaware.

## VENUE

27.     Venue is proper in this district pursuant to 28 U.S.C. § 1391. █████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

## COUNT ONE
### Declaratory Judgment of Non-Infringement of the '360 Patent.

28.     Cisco incorporates herein by reference the allegations in paragraphs 1-27 above as though fully set forth herein.

29.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '360 patent, either literally or under the doctrine of equivalents.

30.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '360 patent.

## COUNT TWO
### Declaratory Judgment of Invalidity of the '360 Patent.

32.     Cisco incorporates herein by reference the allegations in paragraphs 1-31 above as though fully set forth herein.

33.    The '360 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

34.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35.    A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '360 patent.

## COUNT THREE
### Declaratory Judgment of Non-Infringement of the '280 Patent.

36.    Cisco incorporates herein by reference the allegations in paragraphs 1-35 above as though fully set forth herein.

37.    Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '280 patent, either literally or under the doctrine of equivalents.

38.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39.    A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '280 patent.

## COUNT FOUR
### Declaratory Judgment of Invalidity of the '280 Patent.

40.    Cisco incorporates herein by reference the allegations in paragraphs 1-39 above as though fully set forth herein.

41.     The '280 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

42.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '280 patent.

**COUNT FIVE**
**<u>Declaratory Judgment of Non-Infringement of the '600 Patent.</u>**

44.     Cisco incorporates herein by reference the allegations in paragraphs 1-43 above as though fully set forth herein.

45.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '600 patent, either literally or under the doctrine of equivalents.

46.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '600 patent.

**COUNT SIX**
**<u>Declaratory Judgment of Invalidity of the '600 Patent.</u>**

48.     Cisco incorporates herein by reference the allegations in paragraphs 1-47 above as though fully set forth herein.

49.     The '600 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

50.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '600 patent.

## COUNT SEVEN
### Declaratory Judgment of Non-Infringement of the '695 Patent.

52.     Cisco incorporates herein by reference the allegations in paragraphs 1-51 above as though fully set forth herein.

53.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '695 patent, either literally or under the doctrine of equivalents.

54.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '695 patent.

## COUNT EIGHT
### Declaratory Judgment of Invalidity of the '695 Patent.

56.     Cisco incorporates herein by reference the allegations in paragraphs 1-55 above as though fully set forth herein.

57.     The '695 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

58.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '695 patent.

**COUNT NINE**
**Declaratory Judgment of Non-Infringement of the '459 Patent.**

60.     Cisco incorporates herein by reference the allegations in paragraphs 1-59 above as though fully set forth herein.

61.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '459 patent, either literally or under the doctrine of equivalents.

62.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '459 patent.

**COUNT TEN**
**Declaratory Judgment of Invalidity of the '459 Patent.**

64.     Cisco incorporates herein by reference the allegations in paragraphs 1-63 above as though fully set forth herein.

65.     The '459 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

66.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

67.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '459 patent.

**COUNT ELEVEN**
**Declaratory Judgment of Non-Infringement of the '373 Patent.**

68.     Cisco incorporates herein by reference the allegations in paragraphs 1-67 above as though fully set forth herein.

69.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '373 patent, either literally or under the doctrine of equivalents.

70.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

71.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '373 patent.

**COUNT TWELVE**
**Declaratory Judgment of Invalidity of the '373 Patent.**

72.     Cisco incorporates herein by reference the allegations in paragraphs 1-71 above as though fully set forth herein.

73.     The '373 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

74.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

75.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '373 patent.

## COUNT THIRTEEN
### Declaratory Judgment of Non-Infringement of the '966 Patent.

76.     Cisco incorporates herein by reference the allegations in paragraphs 1-75 above as though fully set forth herein.

77.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '966 patent, either literally or under the doctrine of equivalents.

78.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

79.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '966 patent.

## COUNT FOURTEEN
### Declaratory Judgment of Invalidity of the '966 Patent.

80.     Cisco incorporates herein by reference the allegations in paragraphs 1-79 above as though fully set forth herein.

81.     The '966 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

82.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

83.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '966 patent.

### COUNT FIFTEEN
### Declaratory Judgment of Non-Infringement of the '368 Patent.

84.     Cisco incorporates herein by reference the allegations in paragraphs 1-83 above as though fully set forth herein.

85.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '368 patent, either literally or under the doctrine of equivalents.

86.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

87.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '368 patent.

### COUNT SIXTEEN
### Declaratory Judgment of Invalidity of the '368 Patent.

88.     Cisco incorporates herein by reference the allegations in paragraphs 1-87 above as though fully set forth herein.

89.     The '368 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

90.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

91.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '368 patent.

### COUNT SEVENTEEN
### Declaratory Judgment of Non-Infringement of the '524 Patent.

92.     Cisco incorporates herein by reference the allegations in paragraphs 1-91 above as though fully set forth herein.

93.     Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '524 patent, either literally or under the doctrine of equivalents.

94.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

95.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '524 patent.

### COUNT EIGHTEEN
### Declaratory Judgment of Invalidity of the '524 Patent.

96.     Cisco incorporates herein by reference the allegations in paragraphs 1-95 above as though fully set forth herein.

97.     The '524 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

18

98.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

99.     A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '524 patent.

## COUNT NINETEEN
### Declaratory Judgment of Non-Infringement of the '858 Patent.

100.    Cisco incorporates herein by reference the allegations in paragraphs 1-99 above as though fully set forth herein.

101.    Cisco has not infringed and does not infringe (directly, contributorily, or by inducement, or in any other manner) any valid and enforceable claim of the '858 patent, either literally or under the doctrine of equivalents.

102.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

103.    A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '858 patent.

## COUNT TWENTY
### Declaratory Judgment of Invalidity of the '858 Patent.

104.    Cisco incorporates herein by reference the allegations in paragraphs 1-103 above as though fully set forth herein.

105.    The '858 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112.

106.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

107.    A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights with respect to the '858 patent.

### PRAYER FOR RELIEF

WHEREFORE, Cisco prays for judgment as follows:

a.    A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '360 patent;

b.    A declaration that the '360 patent is invalid;

c.    A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe any claims of the '280 patent.

d.    A declaration that the '280 patent is invalid;

e.    A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '600 patent.

f.    A declaration that the '600 patent is invalid;

g.    A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '695 patent.

h.    A declaration that the '695 patent is invalid;

i.    A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '459 patent.

j.    A declaration that the '459 patent is invalid;

k.      A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '373 patent.

l.      A declaration that the '373 patent is invalid;

m.      A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '966 patent.

n.      A declaration that the '966 patent is invalid;

o.      A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '368 patent.

p.      A declaration that the '368 patent is invalid;

q.      A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '524 patent.

r.      A declaration that the '524 patent is invalid;

s.      A declaration that Cisco has not infringed, contributed to the infringement of, or induced others to infringe, any claims of the '858 patent;

t.      A declaration that the '858 patent is invalid;

u.      A declaration that this case is exceptional and an award to Cisco of its attorneys' fees and expenses, including any expert fees and costs, pursuant to 35 U.S.C. § 285 as well as the inherent authority of the court;

v.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38.1, Cisco respectfully demands a jury trial of all issues triable to a jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff Cisco Systems, Inc.*

OF COUNSEL:

Eric R. Lamison
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
(415) 439-1400

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John M. Desmarais, P.C.
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400

November 9, 2010 - Original Filing Date
3889463
 November 9, 2010 - Redacted Filing Date