IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 10-687-GMS |
| v. | ) |
| | ) |
| MOSAID TECHNOLOGIES INC., | ) |
| | ) |
| Defendant. | ) |

### CISCO SYSTEMS, INC.'S ANSWER TO
### MOSAID TECHNOLOGIES INC.'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Cisco Systems, Inc. ("Cisco") for its Answer to the Counterclaims of Defendant and Counterclaim Plaintiff MOSAID Technologies Inc. ("MOSAID"), hereby responds as follows:

### PARTIES

1.  Cisco admits that MOSAID purports to be a Canadian corporation having a principal place of business at 11 Hines Road, Kanata, Ontario K2K 2X1, Canada. Cisco lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 1.

2.  Admitted.

### JURISDICTION

3.  Cisco admits that MOSAID's counterclaims purport to invoke the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims. Cisco denies that it has committed any acts of patent infringement and denies that the patents asserted in MOSAID's counterclaims are valid. Further, to the extent subject matter jurisdiction includes whether MOSAID has standing to assert these counterclaims, Cisco lacks knowledge or

information sufficient to form a belief about the truth of such allegations and on that basis denies any allegations that MOSAID has standing.

4. Cisco admits that venue is established in this Court for this action. Cisco further admits that it filed a First Supplemental and Amended Complaint for Declaratory Judgment in this Court. Cisco admits that its products have been offered for sale, sold, and/or have been purchased in Delaware. Cisco admits that it is subject to personal jurisdiction in this case. Except as thus expressly admitted, and in light of the vague and ambiguous nature of MOSAID's allegations, Cisco denies any remaining allegations of Paragraph 4.

## FACTUAL ALLEGATIONS

5. Cisco admits that United States Patent No. 5,841,360 ("the '360 patent") is titled "Distributed Serial Control System" and bears an issue date of November 24, 1998. Cisco denies that '360 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '360 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 5 and accordingly denies the remaining allegations of Paragraph 5.

6. Cisco admits that United States Patent No. 7,035,280 ("the '280 patent") is titled "Local Area Network of Serial Intelligent Cells" and bears an issue date of April 25, 2006. Cisco denies that '280 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '280 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 6 and accordingly denies the remaining allegations of Paragraph 6.

7. Cisco admits that United States Patent No. 7,292,600 ("the '600 patent") is titled "Local Area Network of Serial Intelligent Cells" and bears an issue date of November 6, 2007. Cisco denies that '600 patent duly and legally issued. Cisco admits that MOSAID claims

to be the assignee and owner of the '600 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 7 and accordingly denies the remaining allegations of Paragraph 7.

8. Cisco admits that United States Patent No. 7,187,695 ("the '695 patent") is titled "Local Area Network of Serial Intelligent Cells" and bears an issue date of March 6, 2007. Cisco denies that '695 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '695 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8 and accordingly denies the remaining allegations of Paragraph 8.

9. Cisco admits that United States Patent No. 6,842,459 ("the '459 patent") is titled "Network Combining Wired and Non-Wired Segments" and bears an issue date of January 11, 2005. Cisco denies that '459 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '459 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9 and accordingly denies the remaining allegations of Paragraph 9.

10. Cisco admits that United States Patent No. 7,636,373 ("the '373 patent") is titled "Network Combining Wired and Non-Wired Segments" and bears an issue date of December 22, 2009. Cisco denies that '373 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '373 patent. Otherwise, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 10 and accordingly denies the remaining allegations of Paragraph 10.

11. Cisco admits that United States Patent No. 7,633,966 ("the '966 patent") is titled "Network Combining Wired and Non-Wired Segments" and bears an issue date of

December 15, 2009. Cisco denies that '966 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '966 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 11 and accordingly denies the remaining allegations of Paragraph 11.

12. Cisco admits that United States Patent No. 7,016,368 ("the '368 patent") is titled "Local Area Network of Serial Intelligent Cells" and bears an issue date of March 21, 2006. Cisco denies that '368 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '368 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 12 and accordingly denies the remaining allegations of Paragraph 12.

13. Cisco admits that United States Patent No. 7,483,524 ("the '524 patent") is titled "Network for Telephony and Data Communication" and bears an issue date of January 27, 2009. Cisco denies that '524 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '524 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13 and accordingly denies the remaining allegations of Paragraph 13.

14. Cisco admits that United States Patent No. 7,830,858 ("the '858 patent") is titled "Local Area Network of Serial Intelligent Cells" and bears an issue date of November 9, 2010. Cisco denies that '858 patent duly and legally issued. Cisco admits that MOSAID claims to be the assignee and owner of the '858 patent. Otherwise, Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 14 and accordingly denies the remaining allegations of Paragraph 14.

## FIRST COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 5,841,360)[1]

15. Cisco incorporates by references its responses above to the allegations of paragraphs 1-14 of the Counterclaims as if set forth fully herein.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## SECOND COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,035,280)

20. Cisco incorporates by references its responses above to the allegations of paragraphs 1-19 of the Counterclaims as if set forth fully herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## THIRD COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,292,600)

25. Cisco incorporates by references its responses above to the allegations of paragraphs 1-24 of the Counterclaims as if set forth fully herein.

---

[1] In its Answer to the Counterclaims, Cisco repeats in part the headings of the Counterclaims for ease of reference. No response is necessary to the headings, but to the extent that they allege or imply any improper conduct on the part of Cisco, any such allegations or implications are denied. Further Cisco denies that the paragraphs that follow each counterclaim's heading establish infringement.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## FOURTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,187,695)

30. Cisco incorporates by references its responses above to the allegations of paragraphs 1-29 of the Counterclaims as if set forth fully herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## FIFTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 6,842,459)

35. Cisco incorporates by references its responses above to the allegations of paragraphs 1-34 of the Counterclaims as if set forth fully herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## SIXTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,636,373)

40. Cisco incorporates by references its responses above to the allegations of paragraphs 1-39 of the Counterclaims as if set forth fully herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## SEVENTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,633,966)

45. Cisco incorporates by references its responses above to the allegations of paragraphs 1-44 of the Counterclaims as if set forth fully herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## EIGHTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,016,368)

50. Cisco incorporates by references its responses above to the allegations of paragraphs 1-49 of the Counterclaims as if set forth fully herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## NINTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,483,524)

55. Cisco incorporates by references its responses above to the allegations of paragraphs 1-54 of the Counterclaims as if set forth fully herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## TENTH COUNTERCLAIM
### (Alleged Infringement of U.S. Patent No. 7,830,858)

60. Cisco incorporates by references its responses above to the allegations of paragraphs 1-59 of the Counterclaims as if set forth fully herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## ANSWER TO MOSAID'S PRAYER FOR RELIEF

Cisco denies that MOSAID is entitled to any relief, either as requested in its Counterclaims or otherwise. To the extent there are any allegations in MOSAID's prayer, they are denied.

## GENERAL DENIAL

Cisco further denies each allegation contained in MOSAID's Counterclaims that is not specifically admitted, denied, or otherwise responded to in this Answer to MOSAID's Counterclaims.

## AFFIRMATIVE DEFENSES

In further answer to MOSAID's Counterclaims, and as affirmative defenses, but without assuming a burden that it would not otherwise have by law, regardless of how the defenses are denominated herein, Cisco alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Cisco does not infringe and has not infringed (directly, contributorily, or through inducement) any valid and enforceable claim of the patents asserted in MOSAID's Counterclaims, either literally or under the doctrine of equivalents, willfully or otherwise. In addition, Cisco's products accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the patents asserted in MOSAID's Counterclaims.

### SECOND AFFIRMATIVE DEFENSE

2. The claims of the patents asserted in MOSAID's Counterclaims are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, sections 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

3. The claims of one or more of the patents asserted in MOSAID's Counterclaims are invalid due to double patenting.

### FOURTH AFFIRMATIVE DEFENSE

4. MOSAID's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. MOSAID's claims for relief are barred in whole or in part by the doctrine of prosecution history estoppel. Further, the applicant(s) for the patents asserted in MOSAID's Counterclaims dedicated to the public all subject matter disclosed in the patents-in-suit, but not

literally claimed therein, stopping claims of infringement by any such disclosed but unclaimed subject matter.

## SIXTH AFFIRMATIVE DEFENSE

6. MOSAID cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE

7. MOSAID's claims are barred, in whole or in part, by the limitations period of 35 U.S.C. § 286.

## EIGHTH AFFIRMATIVE DEFENSE

8. On information and belief, MOSAID's claims for past damages are limited, in whole or in part, under 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE

9. MOSAID's Counterclaims fail to state claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

10. MOSAID has failed to provide adequate evidence of ownership of the patents asserted in MOSAID's Counterclaims and lacks standing.

## RESERVATION OF RIGHTS

Cisco reserves the right to add any additional defenses that discovery may reveal.

## DEMAND FOR JURY TRIAL

Cisco demands a jury trial of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

## **PRAYER FOR RELIEF**

In addition to the relief requested by Cisco already in its Complaint, Cisco respectfully requests that MOSAID's counterclaims be dismissed with prejudice, that the Court deny all relief and remedies sought by MOSAID, that this case be found exceptional under 35 U.S.C. § 285, and that Cisco be awarded its reasonable attorneys' fees and costs (including expert fees/costs) and such further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiff and Counterclaim Defendant Cisco Systems, Inc.*

OF COUNSEL:

Eric R. Lamison
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

John M. Desmarais, P.C.
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

January 10, 2011

4028076

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2011 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP

I further certify that I caused copies of the foregoing document to be served on January 10, 2011 upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Jonathan A. Choa, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899 | *VIA ELECTRONIC MAIL* |
| Henry C. Bunsow, Esquire<br>K. T. Cherian, Esquire<br>Scott Wales, Esquire<br>HOWREY LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)