**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-687 (GMS) |
| | ) | |
| MOSAID TECHNOLOGIES INC., | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |

## [PROPOSED] PROTECTIVE ORDER

Cisco Systems, Inc. and MOSAID Technologies Inc. (collectively the "Parties," individually a "Party") agree that each Party may assert that it possesses information relating to the subject matter of this action which it deems confidential and proprietary. The Parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other Party certain of the asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than the above-captioned action, and shall not be made public by another Party, beyond the extent necessary for purposes of this action.  In addition, the Parties contemplate that confidential and proprietary information may be produced by a non-party.  The Parties therefore seek to facilitate the production and protection of such information.

Accordingly, based upon the agreement of the Parties and for good cause shown, it is hereby ORDERED that the following procedure shall be adopted for the protection of confidential and proprietary information:

1.      Any Party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" any Documents, exhibits, excerpts, summaries, pleadings, motions, briefs, reports, declarations, affidavits,

testimony, transcripts, interrogatory responses, admissions, or other discovery material (collectively, "Litigation Material") that contains confidential and proprietary information pursuant to the terms and conditions set forth herein. Litigation Material that is designated as "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" is hereinafter collectively referred to herein as "Protected Material." As used herein, "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a), and shall include all "writings," "recordings," and "photographs" as those terms are defined by Rule 1001 of the Federal Rules of Evidence.

2. "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" material, as used in this Order, shall refer to any designated Litigation Material and all copies thereof, and shall also refer to the information contained in such Litigation Material. No "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" designation shall be made unless the Producing Party or non-party from whom discovery is sought believes in good faith that the designated Litigation Material is entitled to such protection under the Federal Rules of Civil Procedure and is entitled to the specific level of protection designated and provided for herein.

3. As used herein, "Producing Party" shall refer to any Party to this action and to any non-party who provides Protected Material under this Protective Order, and "Receiving Party" shall refer to any Party or individual who receives, is shown, or is exposed to Protected Material or information pursuant to this Protective Order.

4. A Producing Party may designate Litigation Material as "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential." The words "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" shall be placed clearly and prominently on each page or portion of the Protected Material. Electronic or native Documents or data shall be similarly marked where practicable, and where not practicable, the disks, hard drives, or other

media containing such electronic or native Documents or data shall be appropriately marked.

a.      Litigation Material may qualify for the "Confidential" designation under one of the following exemplary categories: (i) confidential research, development, technical, business, or commercial information or trade secrets within the meaning of Fed. R. Civ. P. 26(c) the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide improper business or commercial advantage to others and/or (ii) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

b.      Litigation Material may qualify for the "Highly Confidential – Outside Counsel Only" designation if it includes non-public information so commercially sensitive that disclosure of the information to an unauthorized person would likely harm the competitive commercial position of the Producing Party or producing third party.   As used herein, "Protected Technical Material" means technical Documents designated "Highly Confidential – Outside Counsel Only" that describe the structure and/or operation of a Party's product, including schematic diagrams, manufacturing drawings, engineering drawings, engineering notebooks, specifications, research notes and materials, and other technical descriptions and/or depictions, in whatever form such documents exist.   The following are exemplary categories for "Highly Confidential – Outside Counsel Only" information: (i) Protected Technical Material; (ii) Documents relating to Parties' prosecution of patents that have not yet issued and that contain claims that are not publicly known; (iii) licensing and/or settlement-related Documents including, but not limited to, agreements with various companies and communications with potential licensors and licensees; (iv) financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, ROI, capital expenditures, yields, utilization, or similar benchmarks; (v) customer lists; (vi) business, strategy, or marketing plans; (vii)

3

price lists and/or pricing information; (viii) information obtained from a non-party pursuant to a non-disclosure agreement; (ix) agreements with any non-party, including OEMs, suppliers, distributors, and customers; (x) negotiations related to the sale of any product manufactured or sold by a Party or non-party, including data related to negotiations or sales opportunities; (xi) budgets, forecasts, and projections; and (xii) any other information or Documents the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury.

        c.     Litigation Material may qualify for the "Highly Restricted Confidential" designation only if the "Highly Confidential – Outside Counsel Only" designation would not provide adequate protection to the interests of the Producing Party and where wrongful dissemination could result in irreparable harm to the Producing Party. Such designations should be made only in good faith and should be used only for source code, or comments for source code. A Party may seek leave to modify this Protective Order to include within the scope of the "Highly Restricted Confidential – Outside Counsel Only" designation additional types of information, the wrongful dissemination of which could result in irreparable harm to the Producing Party.

        5.     Absent written permission from the Producing Party or further order by the Court, access to any "Confidential" information shall be limited to:

        a.     Outside counsel of record in this action (which is hereby defined as counsel who have appeared for the parties and the other lawyers at their firms) for the Receiving Party, including both local and trial counsel (and other lawyers at their firms), provided such persons have agreed to be bound by this Protective Order.

        b.     Necessary paralegal, secretarial, and clerical personnel assisting and working under the supervision of outside counsel of record specified under Paragraph 6(a).

        c.     The following categories of persons provided that they have no involvement in addressing any matter regarding the substantive issues in the case:

independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non-technical jury or trial consulting services (including mock jurors), provided such persons—with the exception of court reporters and videographers hired for depositions—have agreed to be bound by this Protective Order and have signed the Confidentiality Agreement attached hereto as Exhibit A.   A Receiving Party's outside counsel shall retain any such executed Confidentiality Agreements, which need not be disclosed to the Producing Party.

        d.      Up to two in-house attorneys for the Receiving Party who work in a legal capacity and are responsible for supervising this Action.   MOSAID hereby designates Scott Burt, Vice President and Chief Intellectual Property Counsel, and Jiri Smetana, Patent Litigation Manager, as its two in-house attorneys who will have access to "Confidential" information.   Cisco hereby designates Marta Beckwith and Leah Poynter as its two in-house attorneys who will have access to "Confidential" information. Changes in in-house attorneys designated to have access to "Confidential" information may be made by agreement of the parties or by order of the Court.   Disclosure to such persons shall be made only on the conditions set forth in Paragraph 11 below. Furthermore, disclosure and dissemination of materials marked "Confidential" to such in-house counsel shall be made only under the following conditions:  one copy of a Document designated "Confidential" may be provided to any in-house attorney identified above, and no in-house attorney to which a "Confidential" Document is provided may make any copies of the document or forward or provide such Document to any other person.

        e.      Independent experts and consultants (together with their associates and assistants and clerical staff) who (1) are engaged by counsel of record in this action,

whether or not such expert or consultant is paid directly by a Party, and (2) have never been employed by or engaged in a similar relationship with a Party hereto, other than by the Producing Party, provided, however, that disclosure to such persons shall be made only on the conditions set forth in Paragraph 10 below.

f. The Court and its staff;

g. Authors and both actual and intended recipients (as identified on the Document) of such Litigation Material, even if such authors or recipients are not currently employed by the Parties; and

h. Any current or former officer, director, employee, agent, or Rule 30(b)(6) designee of any Producing Party, during such person's deposition in accordance with the provisions of Paragraph 9.

6. Absent written permission from the Producing Party or further order by the Court, access to any "Highly Confidential – Outside Counsel Only" information shall be limited to only those persons designated in Paragraphs 5(a)–(c) and Paragraphs 5(e)–(h).

7. "Highly Restricted Confidential" material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

a. "Highly Restricted Confidential" material, to the extent in electronic format, will be provided on a standalone computer with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer"). The Standalone Computer shall be maintained in the sole control and custody of counsel of record for the Producing Party and shall be maintained in the United States at an office of counsel of record for the Producing Party (the office most convenient for the parties) or at such other location as shall be mutually agreed to by the parties.

b. "Highly Restricted Confidential" material, to the extent not in electronic format, shall be designated using the same processes applied to "Confidential" and "Highly Confidential – Outside Counsel Only" materials described in Paragraph 4, or

6

for "Highly Restricted Confidential" material discussed during a deposition, using the process set forth in Paragraph 13.

       c.    Only persons designated under Paragraphs 6(a) and 6(e) above shall have access to the Standalone Computer provided however that the following additional restrictions shall apply to such access:

       (i)    At least five business days prior to the date on which first access by a particular individual is sought to such Standalone Computer (five-day notice period), counsel of record for the Receiving Party shall provide a list of individuals, including attorneys, seeking to access such Standalone Computer and the Producing Party shall have the right to object to such access in accordance with this Paragraph 7.   Access by an individual who has already had access to the Standalone Computer may take place on one business day's notice, barring any request by the Producing Party for a longer notice period.   If such a request for a longer notice period is made, in no event shall the notice period exceed three (3) days without agreement of the parties or order of the Court.

       (ii)    During the pendency of the five-day notice period, no listed individual shall have access to the Standalone Computer;

       (iii)    If an objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection;

       (iv)    Each time a person accesses the Standalone Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made;

       (v)    Access to the Standalone Computer shall be granted during reasonable business hours and shall not be withheld on a particular requested day and time unless there is a good-faith reason to do so.   Furthermore, when an individual is granted access to the Standalone Computer, such access shall afford that individual sufficient

7

privacy that persons monitoring the Standalone Computer will not be able to observe his or her work processes.

        d.      The Receiving Party shall not have the right to, and agrees not to, copy, transmit or duplicate "Highly Restricted Confidential" materials in any manner, including scanning or otherwise creating an electronic image of the "Highly Restricted Confidential" materials, except as set forth herein.

        (i)      A printer shall be attached to the Standalone Computer and the parties shall negotiate reasonable limitations on the amount and scope of "Highly Restricted Confidential" material that is printed and released by the Producing Party to the Receiving Party.

        (ii)      Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the Producing Party along with an identification of when the copies were made and who made them.

        (iii)      Any hard copies shall be conspicuously marked "Highly Restricted Confidential" in conformity with Paragraph 4.

        (iv)      The Receiving Party shall keep a log including:  (a) the custodian of each copy of any "Highly Restricted Confidential" materials; (b) the name of all persons accessing the "Highly Restricted Confidential" materials; and (c) the date and time of access of the "Highly Restricted Confidential" materials.

        e.      All "Highly Restricted Confidential" materials, including all copies, in the possession of the Receiving Party shall be maintained in a secured, locked area.

        f.      All "Highly Restricted Confidential" materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the Party conducting the deposition at the end of each day.   At no time will any "Highly Restricted Confidential" material be given to or left with the court reporter or any unauthorized individual.

g.     The Receiving Party shall not convert any of the information contained in any hard copies of "Highly Restricted Confidential" into an electronic format, except when reproducing excerpts of the information in an expert report, expert declaration or a court filing, and then only according to the additional restrictions on "Highly Restricted Confidential" materials contained in this Order.

8.     Each Party agrees that designations of information as Protected Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

9.     Notwithstanding any other restrictions in this Protective Order, during the deposition of any current officer, director, employee, agent, or Rule 30(b)(6) designee of the Producing Party, a Receiving Party may show the Producing Party's witness any Protected Material produced by the Producing Party.  During the deposition of any former officer, former director, former employee, former or present consultant, or former agent of the Producing Party, a Receiving Party may show to the witness any Protected Material of the Producing Party that the Receiving Party's outside counsel reasonably and in good faith believes the witness to have received, or to have become familiar with its contents, in the ordinary course of business.   No copies of Protected Material shall be provided to a deponent other than for purposes of the deposition examination without the written consent of the Producing Party.

10.     Independent experts and consultants specified under Paragraph 5(e) may obtain access to Protected Material in accordance with the respective provisions under Paragraph 6 only after each of the following requirements have been met:

a.     Any such expert or consultant has agreed to be bound by this Protective Order and has signed the Confidentiality Agreement attached hereto as Exhibit A;

b.     A copy of the signed Exhibit A, a curriculum vitae of the proposed expert or consultant, an identification of any past or present employment or consulting

relationship with any Party or any related company to a Party or its predecessors-in-interest, and a list of all other matters in which, during the previous four (4) years, the expert or consultant testified as an expert at trial or by deposition and/or was retained as a consultant is served on opposing counsel at least seven (7) business days before the Protected Material is shown to such expert or consultant; and

c.    The Producing Party does not object in writing to such disclosure within those seven (7) business days.   If such objection is made, it must be in writing and for good cause, and must state the reasons for such objection; thereafter, no disclosure of Protected Material shall be made to that expert or consultant until the matter is resolved by the Parties, until the matter is resolved by the Court, or until expiration of the time to raise the matter with the Court.   If the objection is not resolved by the Parties within three (3) business days of the written objection, the Producing Party has five (5) business days from the date of the written objection to raise its objections to the Court.   If a written objection is made, and the Producing Party fails to bring the objections before the Court within the previously prescribed five (5) business days, the Receiving Party may show the Producing Party's Protected Material to its expert or consultant, in keeping with the restrictions set forth in Paragraph 6(e), and the Producing Party's objection will be deemed waived.

11.    Any attorney representing Plaintiff or Defendant, whether in-house or outside counsel, who obtains, receives, accesses, or otherwise learns about, in whole or in part, technical information designated "Confidential – Outside Counsel Only" or "Highly Restricted Confidential" under this Protective Order shall not, within two (2) years after disclosure of the technical information or one (1) year after conclusion of the litigation (including any appeals), whichever period is longer, (a) prepare, prosecute, supervise, or assist in the prosecution of any patent application pertaining to the subject matter(s) of the claims of the patents-in-suit or the accused functionality(ies) of the accused products, or (b) share technical information designated "Confidential – Outside Counsel Only" or "Highly Restricted Confidential" under this Protective Order with

anyone who prepares, prosecutes, supervises, or assists in the prosecution of any patent application pertaining to the subject matter(s) of the claims of the patents-in-suit or the accused functionality(ies) of the accused products.

12.    Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all Protected Materials:

a.    The Receiving Party acknowledges that the Protected Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws.   The Receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Protected Materials of the Producing Party without first obtaining all required United States or any other applicable authorizations or licenses.   The Receiving Party acknowledges that Protected Materials disclosed by the Producing Party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

b.    The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the Producing Party's Protected Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Confidential Materials, subject to ECCN 5E002, without U.S. Government authorization.   The Receiving Party furthermore, agrees to notify the Producing Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the Standalone Computer, access to hard copes of Protected Materials, or placement on a project requiring receipt or review of the Producing Party's Protected Materials.   The term "national" is defined as any person who is not a U.S. person or national/citizen, lawful permanent resident, person granted asylum or refugee status, or temporary resident granted amnesty.

c.      Nothing in this paragraph is intended to create additional restrictions beyond those required by United States law.

13.     All deposition testimony shall be treated as "Highly Confidential – Outside Counsel Only" until thirty (30) calendar days after receipt of the final transcript of the deposition to permit the opportunity for the Parties to review the transcript and designate information contained therein as "Confidential," "Highly Confidential – Outside Counsel Only," or offer no designation.   A Party desiring to maintain the confidentiality of information disclosed at a deposition may designate the information under this Protective Order by, within thirty (30) calendar days of receipt of the transcript, sending a written list of the portions of the transcript that contain such information to the Receiving Party and requesting that the list be affixed to the face of the transcript and to each copy thereof. Only those portions so designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order.   If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such Protected Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material.

14.     Any Party or non-party who produced Litigation Material and inadvertently failed to identify such Litigation Material as "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" shall correct its failure within a reasonable time upon discovery of such inadvertent disclosure by providing written notice of the error and substituted, correctly-designated copies of the inadvertently produced Litigation Material.   Any Party or non-party receiving such inadvertently unmarked or improperly marked Litigation Material shall make reasonable efforts to retrieve and destroy all copies of the incorrectly designated materials.   The Receiving Party or receiving non-party shall have no liability under this Protective Order for reliance on the incorrect designation, including any disclosure of information

12

contained in the incorrectly designated Litigation Material consistent with this Protective Order, prior to receiving written notice of the error.

15.     The acceptance by a Party of documents designated as "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly Restricted Confidential" shall not constitute an agreement, admission or concession, or permit an inference, that the material(s) are in fact properly the subject for protection under Fed. R. Civ. P.26 (c) or some other basis.   A Party that challenges a designation by a Producing Party of Protected Material shall give outside counsel of record for the Producing Party written notice specifying the Protected Material as to which designation is challenged and the reasons for the requested change in designation, and the Parties shall meet and confer in good faith to resolve any differences over the designation.   If the requested change in designation is not agreed to within five (5) business days, the Party seeking the change may move the Court for appropriate relief within ten (10) business days of the written notice.   The Producing Party shall bear the burden of establishing that the Protected Material is entitled to the particular designation.   A party shall not be obligated to challenge the propriety of a designation of Protected Material at the time made, and failure to do so shall not preclude subsequent challenge.   Should any Party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated, the claimed designation shall remain operative and respected by all the Parties and non-parties pending the Court's ruling.

16.     Nothing in this Protective Order shall require disclosure of material that a Party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or any other applicable privilege.   This shall not preclude any Party from moving the Court for an Order directing the disclosure of such material.

17.     Any Party who discloses Litigation Materials that it believes are subject to the attorney-client privilege, attorney work product protection, or are otherwise immune from discovery shall, promptly upon discovery of such unintentional disclosure, so advise

the Receiving Party and request that the Litigation Materials be returned or destroyed. The production of Litigation Material subject to the attorney-client privilege, attorney work-product doctrine or other immunity will not waive the attorney-client privilege, attorney work-product doctrine or other immunity.   In addition, the fact that Litigation Material was produced shall not be used in any manner as evidence in support of any alleged waiver.   The Receiving Party shall return or destroy such produced Litigation Material, and all copies thereof, including those that have been shared with experts, consultants and vendors, and confirm in writing that all such documents or information have been returned or destroyed, within five (5) business days of receiving notice of the production.   In the case of such a production, the Producing Party shall, within seven (7) business days of requesting that the Litigation Materials be returned or destroyed, provide a privilege log identifying such document or thing and describing the nature of the document or thing in a manner that enables other parties to assess the claim of privilege or immunity.   The Receiving Party may move the Court for an Order compelling production of any such produced document or information in accordance with the Federal Rules of Civil Procedure.   The motion shall be filed under seal and shall not assert as a ground for production the fact of the production subject to this paragraph, nor shall the motion disclose or otherwise use in any way the content of the produced document or information (beyond any information appearing on the above-referenced privilege log).   This paragraph does not apply to circumstances in which the Producing Party intentionally produces a document or thing and waives privilege in an explicit effort to support a defense or claim in the case.

18.     In the event of an inadvertent disclosure of Protected Material to a person not qualified to receive the information under the Protective Order, the Party or non-party making the inadvertent disclosure shall, upon learning of the disclosure:   (i) immediately notify the person(s) to whom the disclosure was made that it contains confidential information subject to this Protective Order; (ii) immediately use best efforts to retrieve

the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit A to this Protective Order; (iii) immediately make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made; and (iv) bring all pertinent facts relating to such disclosure to the attention of the Producing Party no later than two (2) business days after learning of the inadvertent disclosure.

19.     Any Protected Material that is to be filed in this proceeding shall be filed under seal pursuant to the local rules of this Court, including United States District Court of Delaware Local Rule 5.3.1, unless the parties otherwise agree in writing or the Court otherwise orders.   The parties shall comply with the Delaware Court's procedures requiring the filing of public versions of sealed filings.

20.     In the event that any Protected Material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction.   In any event, such Protected Material shall not lose its confidential status through such use in any court proceeding, and the Producing Party shall take all steps reasonably required to protect its confidentiality during such use, including requests to clear deposition rooms or courtrooms prior to introduction of such Protected Material.   If a Party does not request or the Court fails to grant a protective order, such Protected Material entered into evidence at trial will not retain its confidential status.

21.     In the event that a Party seeks discovery from a non-party to this action, the non-party or a Party may invoke the terms of this Protective Order with respect to any Litigation Material produced by advising all Parties in this suit in writing.   Any non-party that discloses Litigation Material under this Protective Order shall be entitled to the rights and obligations of a Party under this Protective Order with respect to those produced Litigation Materials.   The use of this Protective Order by a non-party does not entitle that non-party to access the Protected Materials produced by any other Party or non-party in

this action.   Non-parties may move the Court to enforce the provision of this Protective Order.

22.     The restrictions set forth in this Protective Order shall not apply to information or material that: (i) was, is or becomes public knowledge in a manner other than by violation of the Protective Order; (ii) the Receiving Party can show was obtained from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was lawfully possessed by the Receiving Party prior to the entry by the Court of this Protective Order; (iv) the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material; or (v) was submitted to a governmental entity with the understanding that such a submission would result in public access to the document.

23.     This Protective Order shall not bar or otherwise restrict counsel of record from rendering advice to his or her client with respect to the above-captioned action, and in the course thereof, referring to or relying generally upon his or her examination of Documents designated as Protected Material provided, however, in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Protected Material contrary to the terms of this Protective Order.

24.     All Protected Material shall be used only in preparation for and trial of the above-captioned action, any appeal therefrom, or any proceeding to settle or resolve the above-captioned action.   Protected Material may not be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, or governmental purpose.   Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own Protected Material.

25.     Protected Material may be disclosed to specified persons not included in Paragraphs 5–7 of this Protective Order pursuant to Court order, a written agreement

signed by an attorney for the Producing Party, or an agreement by an attorney for the Producing Party on the record in a deposition, hearing, or at trial.   Any agreement by a Producing Party to permit disclosure of its Protected Material to an individual who otherwise would not be entitled access to such Protected Material shall not alter any of the other conditions and obligations of this Protective Order.

26.     In addition to the specific requirements set forth above regarding the handling of Protected Material, the recipient of any Protected Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Material as is exercised by the recipient with respect to its own Protected Material and to confidential information of a similar nature, but in no event less than due care.

27.     Each individual who receives any Protected Material shall be subject to the jurisdiction of this Court in any proceeding relating to the performance under, compliance with, or violation of this Protective Order.

28.     Nothing herein shall restrict the Parties from moving the Court to modify the terms of this Protective Order or the designation of any Litigation Material.

29.     Within ninety (90) calendar days of the termination of the above-captioned action, including any appeals, all Parties, persons, and entities (including experts and consultants) who received Protected Material shall make a good faith effort to destroy or return to outside counsel for the Producing Party all Protected Material and any and all copies of such Protected Material.   Outside counsel may retain one copy of correspondence and legal files, and one set of all transcripts, pleadings, trial and deposition exhibits, and expert reports that were produced by any Party, filed with the court or introduced at trial of this action, including any emails or email folders containing such materials.   The Receiving Party shall certify in writing that all such material, including "Confidential," "Highly Confidential – Outside Counsel Only" or "Highly

Restricted Confidential" material disclosed hereunder and not specifically identified in this Paragraph, has been returned or destroyed.

30.     All notices required by any Paragraphs of this Protective Order are to be made by facsimile, e-mail, certified mail, or overnight mail to outside counsel representing the noticed Party.   The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.   Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Producing Party.

31.     If another person, court, or any U.S. state, or foreign governmental agency should request, subpoena, or order the production of Protected Material from any person or Party subject to this Protective Order, that person or Party shall promptly notify the Producing Party in writing of the request, subpoena, or order, so that the Producing Party may have an opportunity to appear and be heard on whether the Protected Material should be disclosed.   Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the person or Party receiving the request, subpoena, or order shall not produce the material in dispute so long as it may lawfully refuse.

32.     This Protective Order shall remain in full force and effect after the termination of this action, including all appeals from orders and final judgments in this action, or until canceled or otherwise modified by Order of this Court.   This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all Parties, collectively shall be deemed to constitute one original.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

POTTER ANDERSON & CORROON LLP

*/s/Michael J. Flynn*_____
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*/s/ Philip A. Rovner*_____
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Cisco Systems, Inc.*

*Attorneys for Defendant*
*MOSAID Technologies Inc.*

**IT IS SO ORDERED**.

Date:  _____

_____
Hon. Gregory M. Sleet
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CISCO SYSTEMS, INC.,                    )
                                        )
    Plaintiff,                          )
                                        )
       v.                           )    C.A. No. 10-687 (GMS)
                                        )
MOSAID TECHNOLOGIES INC.,               )
    Defendants.                         )
                                        )

**EXHIBIT A TO PROTECTIVE ORDER**

**CONFIDENTIALITY AGREEMENT FOR RECEIPT OF**
**CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER**

I, _____, declare that:

      1.    My present residential address is

_____

      2.    My present employer is _____

and the address of my present employer is

_____

      3.    My present occupation or job description is

_____

      4.    I have received and carefully read the Protective Order in this action and

understand its provisions.  I understand that Protected Material is being provided to me

pursuant to the terms and restrictions of the Protective Order, and that I have been given a

copy of and have read and understood my obligations under the Protective Order.  I

hereby agree to be bound by the terms of the Order.  I clearly understand that any

Protected Material and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

5.      At the termination of this action or at any time requested by counsel of record in this action, I will return to counsel of record in this action all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Protected Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.

7.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.


I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____          _____

Signature