## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CISCO SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 10-687-GMS |
| ) | |
| MOSAID TECHNOLOGIES INC., Phillip ) | **REDACTED PUBLIC VERSION** |
| Shaer, and John Lindgren, ) | Original Filing:   August 30, 2013 |
| ) | Redacted Filing:  September 6, 2013 |
| Defendants. ) | |
| ) | |

### DEFENDANTS PHILLIP SHAER AND JOHN LINDGREN'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS CISCO SYSTEMS, INC.'S SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

*Of Counsel*:

William W. Taylor, III
Michael R. Smith
R. Miles Clark
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W. - Tenth Floor
Washington, D.C. 20036-5802
(202) 778-1800
wtaylor@zuckerman.com
msmith@zuckerman.com
mclark@zuckerman.com


Dated: August 30, 2013

Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
SEITZ ROSS ARONSTAM & MORITZ LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Counsel for Defendants Phillip Shaer and John Lindgren*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS .................................................. 1

SUMMARY OF ARGUMENT .............................................................................. 1

STATEMENT OF FACTS ................................................................................... 4

ARGUMENT ..................................................................................................... 7

I.    Personal Jurisdiction Does Not Exist over Defendants Shaer
      and Lindgren. ........................................................................................ 7

      A.    The Delaware Long-Arm Statute Does Not Authorize
            Personal Jurisdiction. .................................................................. 7

      B.    Fed. R. Civ. P. 4(k)(2) Does Not Authorize Personal
            Jurisdiction. .............................................................................. 10

II.   The Complaint Does Not Allege a RICO Claim upon Which Relief
      Can Be Granted ................................................................................... 10

      A.    The Complaint Does Not Allege a Pattern
            of Racketeering Activity. ............................................................ 11

      B.    Cisco Cannot Allege RICO Standing Absent Factual Allegations
            Showing that ███████████████████. ............................................... 15

III.  The Complaint Fails to State an Unfair Competition Claim ....................... 17

      A.    Cisco's UCL Claim Is Barred by ███████████████
            ████. ........................................................................................ 17

      B.    Even Absent ██████████████████████
            ██████████████ Cannot Be the Basis of UCL Liability. ................. 18

      C.    Cisco Has Not Stated a Claim for Restitution. .............................. 19

CONCLUSION ................................................................................................ 19

## TABLE OF AUTHORITIES

**CASES**

*Anza v. Ideal Steel Supply Corp.*,
    547 U.S. 451 (2006) .................................................................................... 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................... 10

*Ayestaran v. Coop. of Am. Physicians, Inc.*,
    2002 WL 973202 (Cal. Ct. App. May 13, 2002) ........................................ 18

*Banks v. Wolk*,
    918 F.2d 418 (3d Cir. 1990) ....................................................................... 12

*Battiste v. Arbors Mgmt., Inc.*,
    No. 12-1355, 2013 WL 2561229 (3d Cir. June 12, 2013) .......................... 12

*Bistrian v. Levi*,
    696 F.3d 352 (3d Cir. 2012) ....................................................................... 10

*Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*,
    No. 03-1713, WL 23155074 (3d Cir. Dec. 8, 2003) .................................. 12

*BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*,
    229 F.3d 254 (3d Cir. 2000) ......................................................................... 8

*Cedars-Sinai Med. Ctr. v. Superior Court*,
    18 Cal. 4th 1 (1998) .................................................................................... 18

*CFMT, Inc. v. Steag Microtech, Inc.*,
    No. 95-442, WL 313161 (D. Del. Jan. 9, 1997) ........................................ 10

*Cisco Sys., Inc. v. Innovatio IP Ventures, LLC*,
    921 F. Supp.2d 903 (N.D. Ill. 2013) ............................................... 4, 15, 16

*Coprich v. Superior Court*,
    80 Cal. App. 4th 1081 (Cal. Ct. App. 2000) ............................................. 18

*Denis v. Attorney General*,
    633 F.3d 201 (3d Cir. 2011) ....................................................................... 13

*Dillon v. NBCUniversal Media LLC*,
    No. 12-09728, 2013 WL 3581938 (C.D. Cal. June 18, 2013) .................... 19

*Eurofins Pharma U.S. Holdings, Inc. v. BioAlliance Pharma SA*,
    No. 08-613, 2009 WL 2992552 (D. Del. Sept. 18, 2009) ............................ 9

*First Capital Mgmt., Inc. v. Brickellbush, Inc.,*
    219 F. Supp. 2d 576 (S.D.N.Y. 2002)................................................................ 14

*Fresno Motors, LLC v. Mercedes-Benz USA, LLC,*
    852 F. Supp. 2d 1280 (E.D. Cal. 2012)........................................................... 19

*Golden Door Jewelry Creations, Inc. v.*
    *Lloyds Underwriters Non-Marine Ass'n,*
    117 F.3d 1328 (11th Cir. 1997) ...................................................................... 11

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
    492 U.S. 229 (1989)................................................................................ 11, 12

*Hemi Group, LLC v. City of New York,*
    559 U.S. 1 (2010)................................................................................... 15, 16

*Hindes v. Castle,*
    937 F.2d 868 (3d Cir. 1991)............................................................................ 12

*Hughes v. Consol–Pa. Coal Co.,*
    945 F.2d 594 (3d Cir. 1991 ............................................................................. 12

*In re Ins. Brokerage Antitrust Litig.,*
    618 F.3d 300 (3d Cir. 2010)............................................................................ 11

*Joint Stock Society v. Heublein,*
    936 F. Supp. 177 (D. Del. 1996) ....................................................................... 8

*Kashian v. Harriman,*
    98 Cal. App. 4th 892 (Cal. Ct. App. 2002) ....................................................... 18

*Kehr Packages Inc. v. Fidelcor, Inc.,*
    926 F.2d 1406 (3d Cir. 1991)........................................................................... 12

*Kwikset Corp. v. Superior Court,*
    51 Cal. 4th 310 (2011) ............................................................................. 18, 19

*Liqui-Box Corp. v. Scholle Corp.,*
    No. 12-464, 2013 WL 3070872 (D. Del. June 17, 2013) .................................... 8

*Longmont United Hosp. v. Saint Barnabas Corp.,*
    No. 07-3236, 2009 WL 19343 (3d Cir. Jan. 5, 2009) ....................................... 15

*Marnavi S.PA. v. Keehan,*
    900 F. Supp. 2d 377 (D. Del. 2012)................................................................... 8

*Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,*
    983 F.2d 551 (3d Cir. 1993)............................................................................... 7

*Miller v. Rupf*,
    2004 WL 2092015 (Cal. Ct. App. Sept. 20, 2004) .......................................................... 18

*Monsanto Co. v. Syngenta Seeds, Inc.*,
    443 F. Supp. 2d 636 (D. Del. 2006) ............................................................................... 10

*Moon v. Harrison Piping Supply*,
    465 F.3d 719 (6th Cir. 2006) ......................................................................................... 14

*Morast v. Lance*,
    807 F.2d 926 (11th Cir. 1987) ....................................................................................... 16

*P & M Ventures Inc. v. Netherlands, Inc.*,
    No. 12-03859, 2012 WL 4063455 (N.D. Cal. Sept. 14, 2012) ......................................... 19

*People ex rel. Gallegos v. Pacific Lumber Co.*,
    158 Cal. App. 4th 950 (Cal. Ct. App. 2008) ............................................................ 17, 18

*Pladott v. Hammers*,
    2010 WL 3312505 (Cal. Ct. App. Aug. 24, 2010) ............................................................ 17

*Reach & Assocs., P.C. v. Dencer*,
    269 F. Supp. 2d 497 (D. Del. 2003) ................................................................................. 9

*Registered Agents, Ltd. v. Registered Agent, Inc.*,
    880 F. Supp. 2d 541 (D. Del. 2012) .............................................................................. 7, 9

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993) ............................................................................................. 17, 18

*Rusheen v. Cohen*,
    37 Cal. 4th 1048 (2006) ........................................................................................... 17, 18

*Silberg v. Anderson*,
    50 Cal. 3d 205 (1990) ................................................................................................... 17

*Southmark Prime Plus, L.P. v. Falzone*,
    776 F. Supp. 888 (D. Del. 1991) ................................................................................... 12

*Starkey v. Covenant Care, Inc.*,
    2004 WL 206209 (Cal. Ct. App. Feb. 4, 2004) ......................................................... 17, 19

*Telcordia Techs., Inc. v. Alcatel S.A.*,
    No. 04-874, 2005 WL 1268061 (D. Del. May 27, 2005) .................................................. 10

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
    961 F. Supp. 686 (D. Del. 1997) ..................................................................................... 9

*United States v. Blaszak,*
    349 F.3d 881 (6th Cir. 2003) ...................................................................... 11

*United States v. Farrell,*
    126 F.3d 484 (3d Cir. 1997)................................................................. 13, 14

*United States v. Knight,*
    No. 12-367, 2013 WL 3367259 (E.D. Pa. July 3, 2013) ............................ 13

*United States v. Mix,*
    No. 12-171, 2013 WL 3804592 (E.D. La. July 18, 2013) .......................... 13

*United States v. Vasquez-Soto,*
    No. 11-986, 2013 WL 1898174 (S.D.N.Y. May 2, 2013) .......................... 13

*United States v. Vrancea,*
    No. 12-198, 2013 WL 549099 (E.D.N.Y. Jan. 4, 2013) ............................ 13

*V-Tech Servs., Inc. v. Street,*
    No. 05-5136, 2007 WL 397405 (3d Cir. Feb. 6, 2007) .............................. 16

*Young v. W. Coast Indus. Relations Ass'n, Inc.,*
    763 F. Supp. 64 (D. Del. 1991)................................................................. 13

## STATUTES

Cal. Bus. & Prof. Code § 17200 *et seq.* ................................................... 3, 17

Cal. Bus. & Prof. Code § 17204 ................................................................... 18

Cal. Civ. Code § 47(b) ............................................................................... 3, 17

Cal. Civ. Code § 47(b)(2) .............................................................................. 17

10 Del. C. § 3104(c).......................................................................................... 7

10 Del. C. § 3104(c)(1) ................................................................................. 8, 9

10 Del. C. § 3104(c)(2) ..................................................................................... 8

10 Del. C. § 3104(c)(3) ................................................................................. 8, 9

10 Del. C. § 3104(c)(4) ..................................................................................... 8

10 Del. C. § 3104(c)(5) ........................................................................................................ 8

10 Del. C. § 3104(c)(6) ........................................................................................................ 8

18 U.S.C. § 201 .................................................................................................................... 2

18 U.S.C. § 201(c)(2) ...................................................................................................... 5, 11

18 U.S.C. § 1512 .................................................................................................................. 2

18 U.S.C. § 1512(b) ............................................................................................................. 6

18 U.S.C. § 1512(c) ............................................................................................................. 6

18 U.S.C. § 1512(c)(1) ....................................................................................................... 13

18 U.S.C. § 1512(c)(2) ....................................................................................................... 13

18 U.S.C. § 1962(c) ....................................................................................................... 2, 11

18 U.S.C. § 1964(c) ....................................................................................................... 3, 15

**RULES**

Fed. R. Civ. P. 4(k)(2) .................................................................................................... 2, 10

Fed. R. Civ. P. 12(b) ........................................................................................................... 4

Fed. R. Civ. P. 12(b)(2) .................................................................................................... 1, 7

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 2, 3, 10

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Cisco Systems, Inc. filed this case against Defendant MOSAID Technologies, Inc. as a patent case in 2010. In twenty counts, Cisco sought declarations of invalidity of ten patents MOSAID had acquired, and also declarations of non-infringement. Cisco alleged that those judicial declarations are "necessary" for it to know its patent rights and that there is "a substantial controversy" regarding its rights. MOSAID filed infringement counterclaims.

Cisco has now filed a Second Supplemental and Amended Complaint (hereafter "complaint") (D.I. 102). The complaint adds a civil RICO claim, a California unfair competition claim, and an unclean hands defense against MOSAID, all asserting that ███████████ ████████████████████████████████████████ It also names two new defendants, Phillip Shaer, a resident of Canada and MOSAID's General Counsel, and John Lindgren, a resident of Canada and MOSAID's President and CEO. (Complaint, ¶¶5-6 (hereafter, "¶" refers to a paragraph in the complaint)). Cisco's new RICO allegations consume most of the 85-page complaint.

The amended scheduling order provides for completion of fact discovery by December 20, 2013, expert reports and motions thereafter, and trial on November 10, 2014. By Stipulation and Order dated July 28, 2013, defendants' motions to dismiss Cisco's new claims are due August 30, 2013. This brief supports Defendants Shaer and Lindgren's motion to dismiss.

## SUMMARY OF ARGUMENT

1.     The claims against Shaer and Lindgren should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. The complaint acknowledges that they are residents of Canada, and does not allege that either came to Delaware to take any act. The complaint alleges that each ██████████████████████████████████████████████████ (¶¶149 & 153), referring to a separate suit that MOSAID filed against another company (¶145)

that has nothing to do with ███████ alleged in this case.  The only other allegation is that

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████ (¶¶150 & 154).  These allegations do not

identify contacts required to support jurisdiction under the Delaware long-arm statute.

Recognizing this, Cisco also pleads personal jurisdiction under Rule 4(k)(2), which might permit

jurisdiction *if* "the defendant is not subject to jurisdiction in any state's courts of general

jurisdiction."  The complaint makes no allegation regarding that required element.

      2.     Cisco's RICO claim (Count 21) should be dismissed under Rule 12(b)(6) because

it fails to adequately plead the required "pattern of racketeering activity," 18 U.S.C. § 1962(c),

and thus fails to state a claim upon which relief can be granted.  The complaint alleges that ██

███████████████████████████████████████████████████████████

████████████████████████ subpoenaed by MOSAID in an International Trade Commission

("ITC") proceeding.  (¶¶39-84).  ████████████████████████████████████

████████ cannot possibly constitute a pattern of racketeering activity even if ████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████

     Cisco strains to enhance the appearance of the required "pattern" with an allegation that

███████████████████████████████████████████████████████████

████████████████████████████████ (¶¶93-138).  The allegation is that ██

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████,

although no facts are alleged to show either.  There is no plausible legal theory by which █

███████████████████████████████████████████████████  In any event, no pattern

of racketeering activity has been adequately pleaded, even if ████████████████████

███████████████████████████████████████████████████████████

████████  At most, █████████████████████, and not a RICO pattern.

    3.     Cisco's RICO claim also should be dismissed under Rule 12(b)(6) because the

complaint does not adequately plead RICO standing, which requires factual allegations sufficient

to show that the alleged RICO predicates caused the claimed damage.  18 U.S.C. § 1964(c).  The

damage that Cisco claims is the cost of litigation here and in the ITC.  MOSAID is legally

entitled to engage in that litigation, and the complaint alleges no facts to show that ███████

█████████ increased that cost. ██████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████, which is what it has tried to do here.

    4.     Cisco's claim (Count 22) under California's unfair competition law ("UCL"), Cal.

Bus. & Prof. Code § 17200 *et seq.*, should be dismissed under Rule 12(b)(6) for failure to state a

claim.  (a) The UCL claim is based on allegations ███████████████████████████

███████████████████████████████████████████████████████████

███████, bars the imposition of liability with respect to such conduct; (b) if ██████████ does not

apply, the UCL claim fails because (i) no facts are alleged to show that ████████████

██████████ in the ITC investigation █████████████████████████████

██████████ and (ii) ████████████████████████████████████████

████████████████ was not wrongful as a matter of law; (c) UCL liability cannot be

based on ████████████████████████████ because California does

not recognize a UCL cause of action based on ████████; and (d) because Cisco has not pleaded

that any defendant obtained or possesses Cisco's money or property, its UCL restitution claim

fails as a matter of law.

## STATEMENT OF FACTS

The facts that are relevant to this Rule 12(b) motion are the new facts alleged in the

complaint.  Those new allegations follow two tracks.

Cisco alleges at great length that MOSAID regularly acquires patent rights and

"monetizes" the rights, that it has sought to license patents to Cisco, that it uses the courts to

obtain damages where patents are infringed, and that it will continue doing these things in the

future.  (*E.g.*, ¶23).  Such allegations describe corporate activities that are legal and not the basis

for RICO or other liability, notwithstanding that Cisco previously has filed a RICO suit as to

such conduct in order to deter patent enforcement.  *See Cisco Sys., Inc. v. Innovatio IP Ventures,*

*LLC*, 921 F. Supp.2d 903 (N.D. Ill. 2013) (applying *Noerr-Pennington* doctrine to protect access

to courts to enforce patent rights, and dismissing Cisco's RICO claims against patent

enforcement company).  Although Cisco alleges that MOSAID's infringement claims are

baseless as to Cisco (*e.g.*, ¶29), it was Cisco that chose to file this litigation, alleging a

substantial controversy about the validity of MOSAID's patents and about whether Cisco

infringed them (¶19).  The complaint contains no allegation that Cisco sought to dismiss

MOSAID's infringement counterclaims, and the complaint and record in this case make it plain

that, in the parallel ITC action, the ITC decided to conduct an investigation of Cisco (D.I. 32)

and was ready to conduct a trial to determine whether Cisco infringed MOSAID's patents (¶¶27

& 90).  Cisco alleges that MOSAID "dropped" its ITC claim (¶90), but Cisco cannot dispute that

the ITC case ended after the parties entered into a settlement agreement that provided for a joint

motion to terminate the case and contained Cisco's release of "all claims for costs and fees

incurred in litigating the ITC investigation." (Inv. No. 337-TA-778, Order No. 47 at 1 &

Attachment A, ¶3) (D.I. 60, Ex. A, ¶3).

  The complaint's other allegations chiefly exploit ████████████████████

████████████████████████████████████████████████████████████████

subpoenaing documents and testimony from the companies in connection with the ITC case.

(¶¶39-84). ████████████████████████████████████████████████████

████████████████████████████ (¶¶ 41, 53 & 76).  Thereafter, ████████

and ██████ produced documents and testimony, although Cisco is careful not to allege any fact

showing ██████████████████████ (¶¶61-63, 72, & 81-82). ████████████

██████████████████, Cisco alleges that ██████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████ (*E.g.*, ¶¶2, 38, 44, 56, 64 & 71).

  The complaint alleges that ██████████████████████████████████

████████████████████████████████████████████████████████████████

██████████ (*E.g.*, ¶¶64, 83).  Although Cisco makes much of the decision of the ALJ to

exclude the ██████ and ██████ evidence in the ITC proceeding (¶¶85-90), ████████

████████████████████████████████ The ruling of the ALJ that is

quoted in the complaint shows that the ALJ found it improper to provide something of value to a

witness "for subpoenas they were obliged to respond to under law." (¶87).  That ruling accepted

the testimony of ██████████████ that the show of goodwill to ██████ and ██████ was so

"that when they responded to the subpoena it would be in a form that was understandable to my

outside counsel." (*Id.*).

Searching for something other than 

, Cisco also alleges that

(¶¶93-138).  Although the

complaint refers generically to

, there are no facts alleged to show that Cisco ever

sought to use legal process to obtain documents from SercoNet

Unlike its decision to quote from the ALJ's order in the ITC excluding the ⬛ and

⬛ evidence, Cisco does not mention the ALJ's order regarding the SercoNet documents.

As to the same allegations that Cisco makes in this case, the ALJ decided:

> Regarding the issue of spoliation, the Administrative Law Judge is not persuaded that SercoNet Ltd.'s ("SercoNet") documents were not available to Cisco, even though SercoNet was located in Israel. Cisco did not attempt to obtain SercoNet's documents through the means available to it, saying in essence, that once it had identified that it needed SercoNet's documents it would be too time consuming to get them. ... Because Cisco failed to use means of discovery available to it, the Administrative Law Judge is not persuaded that Cisco has been placed in an unfair position (by MOSAID) or that it has been in some way prejudiced.

(Inv. No. 337-TA-778, Order No. 22 (Feb. 16, 2012) at 2-3).

Moreover, the docket in this case reveals that Cisco only recently has sought permission to use the Hague Convention to obtain documents from SercoNet.  (D.I. 90).  In its motion, Cisco acknowledged that "[i]ssuance of the Letters of Request under the Hague Evidence Convention is a proper method for requesting documents and testimony of persons and entities residing

abroad." (*Id.* at 1). Thereafter, SercoNet has advised that it has thousands of responsive documents and asked Cisco to pay the costs of providing the documents. (D.I. 117 at 2).

From these ███████ Cisco has claimed as damages the cost of litigating here and in the ITC. (¶¶305-307). The complaint does not allege facts showing that ████████████ ████████████████████████████ could have caused those damages. More specifically, the complaint does not allege facts showing that ██████████████ ████ , and pleads as damages only the cost of litigating its patent disputes with MOSAID.

Finally, to give maximum deterrent effect to its effort to turn a patent case into a RICO case, Cisco adds as defendants MOSAID's General Counsel, Phillip Shaer, and MOSAID's President and CEO, John Lindgren. (¶¶5-6 & 148-155). Both are Canadian residents. (*Id.* & ¶4). The complaint does not allege that Shaer or Lindgren did anything in Delaware.

## ARGUMENT

### I.   PERSONAL JURISDICTION DOES NOT EXIST OVER DEFENDANTS SHAER AND LINDGREN.

On a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, "the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction." *Registered Agents, Ltd. v. Registered Agent, Inc.*, 880 F. Supp. 2d 541, 544 (D. Del. 2012); *accord Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993).

#### A.   The Delaware Long-Arm Statute Does Not Authorize Personal Jurisdiction.

Cisco invokes (¶¶148 & 152) jurisdiction under the Delaware long-arm statute, 10 Del. C. § 3104(c), but alleges only two specific facts in support (¶¶149-150 & 153-154).

The first is that Shaer and Lindgren ██████████████████████████ ██████████████ (¶¶149 & 153). Nothing further is alleged as to Shaer and Lindgren to

give that conclusory allegation any content. As to MOSAID, there *is* an allegation that the company sued ShoreTel in 2009 (¶145), but the allegation is meaningless because it is not joined to any allegation of actionable conduct with respect to the ShoreTel suit. Nor does the complaint allege that Cisco's claims arise out of the ShoreTel suit, which was settled the day after it was filed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ MOSAID's ShoreTel suit therefore cannot be a basis for jurisdiction over Shaer and Lindgren under the "specific jurisdiction" provisions of the long-arm statute—subsections (c)(1)-(3), (5) and (6)—which require "the plaintiff's claims [to] arise out of acts or omissions in Delaware." *Marnavi S.P.A. v. Keehan*, 900 F. Supp.2d 377, 390 (D. Del. 2012); *see BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) ("Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'") (citation omitted); *Joint Stock Society v. Heublein, Inc.*, 936 F. Supp. 177, 193-94 (D. Del. 1996) (company president's approval of suit in Delaware did not have sufficient nexus to claims to support long-arm jurisdiction).

Nor can the ShoreTel suit be the basis for "general jurisdiction" under subsection (c)(4). 10 Del. C. § 3104(c)(4) (general jurisdiction requires that the nonresident defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State, or derives substantial revenue from services, or things consumed in the State"); *BP Chems.*, 229 F.3d at 259 (contacts must be "continuous and systematic"); *Liqui-Box Corp. v. Scholle Corp.*, No. 12-464, 2013 WL 3070872, at *5 (D. Del. June 17, 2013) (statute requires "general presence" in Delaware).

The only other jurisdictional allegation as to Shaer and Lindgren is that ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but the only relationship

8

to Delaware that is alleged is that ██████████████████████ (¶¶150 & 154).

Presumably Cisco intends this allegation to support an exercise of specific jurisdiction under

subsections (c)(1) (transacting business in Delaware) or (c)(3) (causing tortious injury in

Delaware by act or omission in Delaware) of the long-arm statute. "In order for a court to

exercise jurisdiction under Subsections (c)(1) and (c)(3), some act must actually occur in

Delaware." *Reach & Assocs., P.C. v. Dencer*, 269 F. Supp. 2d 497, 503 (D. Del. 2003); *accord*

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 690 (D. Del. 1997).  No act

related to ████████████████████████ is alleged to have occurred in Delaware.

To the contrary, MOSAID, a Canadian company, is alleged to have ████████████████

████████████████████████████████████████████

████████████ (¶¶4, 66-84, 313).  The only alleged acts related to ████████████

████████████████████████████████████████████

████████████████████████████████ (¶¶70, 71, 73-

75, 313).  The fact that ████████████████████████ adds nothing.  *See*

*Eurofins Pharma U.S. Holdings, Inc. v. BioAlliance Pharma SA*, No. 08-613, 2009 WL 2992552,

at *4 (D. Del. Sept. 18, 2009), *vacated in part on other grounds*, 623 F.3d 147 (3d Cir. 2010)

████████████████████████████████████████████

████████████████████████████████; *Registered Agents*, 880 F. Supp. 2d

at 546 ████████████████████████████████████████

████████████████████████████████[1]

---

[1]Because the scope of jurisdiction under the long-arm statute is coterminous with federal due process protections, *see Registered Agents*, 880 F. Supp. 2d at 547, exercising personal jurisdiction over Shaer and Lindgren also would offend the Constitution.

**B.      Fed. R. Civ. P. 4(k)(2) Does Not Authorize Personal Jurisdiction.**

Cisco asserts Rule 4(k)(2) as an alternative basis for jurisdiction.  (¶¶151 & 155).  The rule can apply to a foreign defendant having sufficient contacts with the United States as a whole but insufficient contacts with any particular state, such that "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction."  Fed. R. Civ. P. 4(k)(2).  The complaint contains no allegation that Shaer and Lindgren are not subject to jurisdiction in any state, even though it carefully alleges each of the other requirements laid out in Rule 4(k)(2).  As plaintiff, Cisco "bears the burden of demonstrating that [the defendant] is not subject to jurisdiction in any state."  *Telcordia Techs., Inc. v. Alcatel S.A.*, No. 04-874, 2005 WL 1268061, at \*5 (D. Del. May 27, 2005); *see CFMT, Inc. v. Steag Microtech, Inc.*, No. 95-442, 1997 WL 313161, at \*7 (D. Del. Jan. 9, 1997), *aff'd*, 965 F. Supp. 561 ("plaintiffs are required to make an affirmative representation").  Rule 4(k)(2) is not an alternative source of jurisdiction simply because the Delaware long-arm statute is unavailing.  *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 647 (D. Del. 2006); *see Telcordia Techs.*, 2005 WL 1268061, at \*5.

## II.      THE COMPLAINT DOES NOT ALLEGE A RICO CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Cisco includes many conclusory allegations in its complaint, but the sufficiency of Cisco's RICO claim is to be determined by the facts alleged.  Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth" and then "look for well-pled factual allegations, assume their veracity, and ... 'determine whether they plausibly give rise to an entitlement to relief.'"  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## A.     The Complaint Does Not Allege a Pattern of Racketeering Activity.

An essential element of a RICO claim is the existence of "a pattern of racketeering

activity." 18 U.S.C. § 1962(c); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir.

2010). The complaint's dominant allegations



(¶¶39-84

& 270-271).

, which is also what the ALJ concluded in his

sanctions ruling. (¶¶41, 54, 60-61, 72, 76, 81 & 87).

"[T]o prove a pattern of racketeering activity a plaintiff or prosecutor must show that the

racketeering predicates are related and that they amount to or pose a threat of *continued* criminal

activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis added).

That can be done by proving so-called "open-ended" or "closed-ended" continuity with respect

to the predicate acts. *Id.* at 242-43.

---

[2]It is assumed for present purposes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Compare*
*Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328,
1335 n.2 (11th Cir. 1997), *with United States v. Blaszak*, 349 F.3d 881, 886-887 (6th Cir. 2003).
If this case were to go forward, however, Cisco would have to prove those things.

Closed-ended continuity can be established by predicates "extending over a substantial period of time." *H.J., Inc.*, 492 U.S. at 242. ███████████████████████████████ ████████████████████████████████████████████ *Battiste v. Arbors Mgmt., Inc.*, No. 12-1355, 2013 WL 2561229, at *2 (3d Cir. June 12, 2013) ████ ██████████████████; *Hughes v. Consol–Pa. Coal Co.*, 945 F.2d 594, 611 (3d Cir. 1991) ████████████████████████████████████████████; *Hindes v. Castle*, 937 F.2d 868, 874-75 (3d Cir. 1991) ████████████████████████ ████████; *Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1413 (3d Cir. 1991) █████; *Banks v. Wolk*, 918 F.2d 418, 422–23 (3d Cir. 1990) ████

Open-ended continuity can be established "where it is shown that the predicates are a regular way of conducting" business. *H.J., Inc.*, 492 U.S. at 243.  Although Cisco alleges that ███████████████████████████████████████████████ ██████████████████ (¶¶281-288), the complaint lacks factual support for that conclusion, which is implausible. ████████████████████████████ The ALJ's ruling in the ITC made it clear that ██████████████████████████████████████ ██████████████████████████████████████ ████ *See Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*, No. 03-1713, 2003 WL 23155074, at *5 (3d Cir. Dec. 8, 2003) ██████████████████████████ ████████████████████; *Kehr Packages*, 926 F.2d at 1418 ██████████ ███████████████████████████████████████████████ ████████████████████; *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 905 (D. Del. 1991) ████████████████████████████ ████████████████████████████████████; *Young v.*

*W. Coast Indus. Relations Ass'n, Inc.*, 763 F. Supp. 64, 73 (D. Del. 1991), *aff'd*, 961 F.2d 1570

(3d Cir. 1992) 

Cisco attempts to cure the pattern defect by

(¶¶104-

138 & 272-276).  The complaint alleges that

*Cf. United States v. Farrell*, 126 F.3d 484,

488-89 (3d Cir. 1997)

*E.g.*, *United States v. Mix*, No.

12-171, 2013 WL 3804592, at *1 (E.D. La. July 18, 2013); *United States v. Knight*, No. 12-367,

2013 WL 3367259, at *2 (E.D. Pa. July 3, 2013); *United States v. Vasquez-Soto*, No. 11-986,

2013 WL 1898174, at *1 (S.D.N.Y. May 2, 2013); *United States v. Vrancea*, No. 12-198, 2013

WL 549099, at *1 (E.D.N.Y. Jan. 4, 2013); *see Denis v. Attorney General*, 633 F.3d 201, 213 (3d

Cir. 2011) ███████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████ Further, as detailed above in the statement of facts, the complaint omits the ruling

of the ALJ in the ITC that MOSAID had done nothing wrong with respect to SercoNet's

documents and that Cisco could, but had not bothered to, use lawful process to obtain the

documents.  As also explained above, in this case Cisco only recently has begun to take the

actions required by law to obtain SercoNet's documents.  The complaint's suggestion (¶¶116-

125) that SercoNet's unwillingness to informally provide documents █████████████

████████ cannot have merit.  *See Farrell, supra.*  The reality is that Cisco's inclusion of

allegations concerning the SercoNet documents shows Cisco's awareness that ███████████

████████████████████████████████████████[3]

---

[3] Even if ████████████, that would not be sufficient to make out a pattern of racketeering activity.
*See, e.g., First Capital Mgmt., Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 587 (S.D.N.Y.
2002), *aff'd*, 385 F.3d 159 (2d Cir. 2004)████████████████████████████████
████████████████████████; *Moon v. Harrison Piping Supply*, 465
F.3d 719, 726 (6th Cir. 2006)███████████████████████████████████████
████████████████████████████████████████████

Cisco strains to █████████████████████████████, but there
is no allegation that it violated a law.  (¶285).  Elsewhere (¶91), Cisco alleges that █████████
██████████████████████, but there is no allegation of illegality.  ███████████████
████████████████████ Neither the ███████ nor the ███████ allegations involve a predicate act.

Finally, if the complaint's allegations that MOSAID's regular business is the acquisition of patents and enforcement of them in court are intended to supply the continuity required to establish a RICO pattern, the effort fails. MOSAID is entitled by the patent laws to pursue its business, and privileged by the First Amendment to invoke the assistance of the federal courts to enforce its rights. *Cisco Sys., Inc. v. Innovatio IP Ventures, LLC*, 921 F. Supp. 2d 903 (N.D. Ill. 2013) (applying *Noerr-Pennington* doctrine). Cisco actually filed this case, asserting that it presents substantial questions for judicial resolution. Cisco is entitled to litigate, and it has no call to suggest that it is improper for MOSAID to do the same.

### B.   Cisco Cannot Allege RICO Standing Absent Factual Allegations Showing that ██████████████████████

Although the complaint is full of insinuations, no fact is alleged to show that ████████ and ██████████████████████, or that SercoNet ██████████████ Cisco surely would have included such allegations if it were possible. Indeed, if ████████████ or SercoNet ████████████████, Cisco would have sued them, but it did not do that.

Cisco's failure to allege facts showing ████████████████████ is fatal to its RICO claim, because to assert that claim it must have RICO standing, which requires damages directly caused by the crimes that are alleged to comprise the RICO pattern. 18 U.S.C. § 1964(c) (RICO damage must exist "by reason of" predicate act); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) ("[T]he compensable injury flowing from a [RICO] violation … 'necessarily is the harm caused by [the] predicate acts.'") (citation omitted). "[T]o state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense 'not only was a "but for" cause of his injury, but was the proximate cause as well.'" *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010) (citation omitted); *see Longmont United Hosp. v. Saint Barnabas Corp.*, No. 07-3236, 2009 WL 19343, at *1 (3d Cir. Jan. 5, 2009) (applying *Anza*).

Absent facts showing ███████████████████, Cisco's claimed damages cannot plausibly be viewed as directly caused by ████████████████████████ ████████████████████████████████████████████ Cisco principally alleges litigation costs as damage—that "Cisco was required to defend itself in this action and also in [the] ITC Investigation" and that "Cisco employees were required to devote significant time" to producing documents and giving depositions. (¶¶305-307). These are not costs directly caused by ████████████████ They are the costs of patent litigation. Cisco would be entitled not to confront ████████████████, if there were any, but it is not entitled to ████████████████ Cisco bases its claim on nothing but ████████████ No contrary allegation of specific fact can be found in the loose and insinuating language of the complaint. *See V-Tech Servs., Inc. v. Street*, No. 05-5136, 2007 WL 397405, at *2-*3 (3d Cir. Feb. 6, 2007) (loss "not directly related to the alleged RICO violations"); *Morast v. Lance*, 807 F.2d 926, 933 (11th Cir. 1987) (injury "did not flow directly from the predicate acts").

Further, as to causation of the damages Cisco alleges, Cisco was the party that filed this case, and the ITC, after receiving MOSAID's complaint, made an independent decision to investigate Cisco. In any event, MOSAID was entitled to counterclaim in this case and to ask the ITC to investigate Cisco. *Cisco Systems, Inc. v. Innovatio, supra* (Noerr-Pennington doctrine recognizes First Amendment right to litigate).[4]

---

[4]Cisco also focuses on a small part of the ITC litigation cost. (¶308) ████████████ ████████████████████ The cost of ████████████████ cannot be classed as damage. And the motion to exclude succeeded, saving Cisco the substantial costs of an ITC trial and depriving MOSAID of ████████████ Cisco will not dispute that its ITC settlement agreement releases "any and all claims for costs and fees in litigating the ITC investigation, including but not limited to attorneys' fees, costs, and other expenses incurred … in connection with the investigation." (No. 337-TA-778, Order No. 47, Attachment A, ¶3) (D.I. 60, Ex. A, ¶3).

### III.   THE COMPLAINT FAILS TO STATE AN UNFAIR COMPETITION CLAIM.

A.   **Cisco's UCL Claim Is Barred by** ███████████████████

Cisco includes a claim under California's "Unfair Competition Law," Cal. Bus. & Prof.

Code § 17200 *et seq.*  (¶¶309-318).  The three bases for the claim—███████████████

██████████████████—are alleged to have been undertaken ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████  *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993); *see Silberg v. Anderson*, 50 Cal. 3d

205, 212 (1990). ████████████████████████████████████████

████████████████████████████████████████

████████████████████████  *People ex rel. Gallegos v. Pacific Lumber*

*Co.*, 158 Cal. App. 4th 950, 958 (Cal. Ct. App. 2008) (internal quotations omitted).

███████████████████████  *First,* ████████████████████

████████████  *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006).  As alleged by Cisco,

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████  (¶¶42-55, 69-77). ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████  (¶¶104-114).[5]



------

5 ████████████████████████████████████  The complaint alleges no facts
showing any of that. *Starkey v. Covenant Care, Inc.*, 2004 WL 206209, at *4 (Cal. Ct. App. Feb.
4, 2004); *Pladott v. Hammers*, 2010 WL 3312505, at *4 (Cal. Ct. App. Aug. 24, 2010).

*Second,* ███████████████████████████████ *Rubin,*

4 Cal. 4th at 1193; ██████████████████████████████ (¶¶56,

78, 95-104, 110, 315-316).  *See Rusheen,* 37 Cal. 4th at 1065 █████████

████████████ ; *Rubin,* 4 Cal. 4th at 1195-96 ██████████████████

████████████████████ ; *Pacific Lumber,* 158 Cal. App. 4th at 958-59 ████████

█████████████████████████ ; *Kashian v. Harriman,* 98 Cal. App. 4th 892, 917

(Cal. Ct. App. 2002) █████████████████████████████████

    **B.**    **Even Absent** ████████████████████████████
                **Cannot Be the Basis of UCL Liability.**

██████████████████████████████████████

███████ , cannot be the basis for UCL liability for the same reasons that they cannot serve as a

RICO predicate act.  The conduct cannot be viewed as unlawful, unfair, or fraudulent.

Moreover, ████████████████████████████████ cannot be the basis for

a claim under the UCL because there is no alleged fact to show that ████████████████

████████████ UCL recovery is limited to a person "who has suffered injury in fact and has

lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204;

*see Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 322 (2011) (UCL plaintiff must show that

its economic injury "was the result of, i.e., *caused by,* the unfair business practice").

    In any event, California does not recognize a claim for ███████ where, as alleged here,

███████████████████████████████████ *Cedars-Sinai Med.*

*Ctr. v. Superior Court,* 18 Cal. 4th 1, 17 (1998); *see Coprich v. Superior Court,* 80 Cal. App. 4th

1081, 1089-1090 (Cal. Ct. App. 2000). ████████████████████

███████ *Miller v. Rupf,* 2004 WL 2092015, at *5-6 (Cal. Ct. App. Sept. 20, 2004) (quoting *Lueter*

*v. State,* 94 Cal. App. 4th 1285, 1296 (Cal. Ct. App. 2002)); *Ayestaran v. Coop. of Am.*

*Physicians, Inc.*, 2002 WL 973202, at *6 n. 5 (Cal. Ct. App. May 13, 2002); *Starkey*, 2004 WL

206209, at *5-6 (dismissing UCL claim).

### C.     Cisco Has Not Stated a Claim for Restitution.

Under the UCL, a plaintiff can recover restitution only when the defendant actually

acquired money or property from the plaintiff. *Kwikset Corp.*, 51 Cal. 4th at 336.  The complaint

does not allege that, and so its prayer for restitution should be dismissed. *Fresno Motors, LLC v.*

*Mercedes-Benz USA, LLC*, 852 F. Supp. 2d 1280, 1316 (E.D. Cal. 2012); *Dillon v.*

*NBCUniversal Media LLC*, No. 12-09728, 2013 WL 3581938, at *10 (C.D. Cal. June 18, 2013);

*P & M Ventures Inc. v. Netherlands, Inc.*, No. 12-03859, 2012 WL 4063455, at *4 (N.D. Cal.

Sept. 14, 2012).

## <u>CONCLUSION</u>

The Court should dismiss all claims alleged against Defendants Shaer and Lindgren.

Respectfully submitted,

SEITZ ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

William W. Taylor, III
Michael R. Smith
R. Miles Clark
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W. - Tenth Floor
Washington, D.C.  20036-5802
(202) 778-1800
wtaylor@zuckerman.com
msmith@zuckerman.com
mclark@zuckerman.com


Dated:  August 30, 2013

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Counsel for Defendants Phillip Shaer and*
*John Lindgren*

**CERTIFICATE OF SERVICE**

I, Collins J. Seitz, Jr., hereby certify that on August 30, 2013, I caused *Defendants*

*Phillip Shaer and John Lindgren's Opening Brief in Support of their Motion to Dismiss Cisco*

*Systems, Inc.'s Second Supplemental and Amended Complaint* to be served via electronic mail

upon the following individuals:

Jack B. Blumenfeld
Michael J. Flynn
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
jblumenfeld@mnat.com
mflynn@mnat.com

*Counsel for Plaintiff Cisco Systems, Inc.*

Eric R. Lamison
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
eric.lamison@kirkland.com

Steven Cherny
Brian Paul Gearing
Jordan N. Malz
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
steven.cherny@kirkland.com
brian.gearing@kirkland.com
Jordan.malz@kirkland.com

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
michael.devries@kirkland.com

Elizabeth A. Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
elizabeth.cutri@kirkland.com

John M. Desmarais
DESMARAIS LLP
230 Park Avenue
New York, NY  10169-3400
jdesmarais@desmaraisllp.com

*Counsel for Plaintiff Cisco Systems, Inc.*

Philip A. Rovner
Jonathan A. Choa
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
provner@potteranderson.com
jchoa@potteranderson.com

*Counsel for Defendant Mosaid
Technologies Inc.*

Brian A. Rosenthal
Bryon T. Wasserman
MAYER BROWN LLP
1999 K Street, NW
Washington, D.C.  20006-1101
brosenthal@mayerbrown.com
bwasserman@mayerbrown.com

Steven Yovits
James R. Ferguson
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
syovits@mayerbrown.com
jferguson@mayerbrown.com

Anup K. Misra
MAYER BROWN LLP
1675 Broadway
New York, NY  10019-5820
amisra@mayerbrown.com

John D. Hamann
HAMILTON, BROOK, SMITH & REYNOLDS, PC
530 Virginia Road
Concord, MA  01742-9133
John.hamann@hbsr.com

*Counsel for Defendant Mosaid
Technologies Inc.*

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (Bar No. 2237)

2