**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CISCO SYSTEMS, INC.,

Plaintiff,

v.

MOSAID TECHNOLOGIES INC., PHILLIP SHAER and JOHN LINDGREN,

Defendants.

C.A. No. 10-687 (GMS)

**PUBLIC VERSION**

**MOSAID'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COUNTS 21-23 OF CISCO'S SECOND SUPPLEMENTAL AMENDED COMPLAINT**

OF COUNSEL

Brian A. Rosenthal
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101

James R. Ferguson
Steven Yovits
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant MOSAID Technologies Inc.*

Dated: October 25, 2013
Public Version: November 1, 2013

## TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. AN ALLEGED "FAILURE TO TAKE STEPS TO OBTAIN EVIDENCE" DOES NOT CONSTITUTE A FEDERAL CRIME .......... 1

III. CISCO FAILS TO ADEQUATELY PLEAD AN UNCLEAN HANDS DEFENSE .......... 4

IV. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*H.J. Inc. v. Bell Tel. Co.*,
492 U.S. 229 (1989) .......... 1, 3

*Banks v. Wolk*,
918 F.2d 418 (3d Cir. 1990) .......... 2

*Battiste v. Arbors Mgmt., Inc.*,
No. 12-1355, 2013 WL 2561229 (3d Cir. June 12, 2013) .......... 1, 3

*Hindes v. Castle*,
937 F.2d 868 (3d Cir. 1991) .......... 1, 3

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*,
398 F. Supp. 2d 305 (D. Del. 2005) .......... 6

*Hughes v. Consol-Pa. Coal Co.*,
945 F.2d 594 (3d Cir. 1991) .......... 1, 3

*Hynix Semiconductor Inc. v. Rambus Inc.*,
897 F. Supp. 2d 939 (N.D. Cal. 2012) .......... 5

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
926 F.2d 1406 (3d Cir. 1991) .......... 2

*Micron Tech., Inc. v. Rambus, Inc.*,
645 F.3d 1311 (Fed. Cir. 2011) .......... 4

*Perfumebay.com Inc. v. eBay Inc.*,
506 F.3d 1165 (9th Cir. 2007) .......... 5

*Therasense, Inc. v. Becton, Dickinson and Co.*,
649 F.3d 1276 (Fed. Cir. 2011) .......... 5

**STATUTES**

18 U.S.C. § 1512 .......... 2, 3, 4

18 U.S.C. § 1961(5) .......... 3

**OTHER AUTHORITIES**

Third Circuit Criminal Pattern Jury Instructions, § 6.18.1512B .......... 2

## I. INTRODUCTION

MOSAID incorporates by reference pages 5-10 of the Reply Brief filed by Defendants Phillip Shaer and John Lindgren. In this Reply, MOSAID will address only two points not otherwise addressed by the Individual Defendants in their Reply: (1) Cisco's RICO allegations rest on an alleged "failure to act," which is insufficient to establish a federal criminal offense; and (2) Cisco fails to adequately plead an "unclean hands" defense.

## II. AN ALLEGED "FAILURE TO TAKE STEPS TO OBTAIN EVIDENCE" DOES NOT CONSTITUTE A FEDERAL CRIME.

In its Opposition Memorandum, Cisco argues that the SAC adequately pleads a "pattern of racketeering activity" based on the following three alleged predicate acts:

1. a 2009 purchase agreement in which MOSAID purchased the patents-in-suit from SercoNet;

2. an October 3, 2011 agreement [REDACTED] ShoreTel; and

3. a November 13, 2011 agreement [REDACTED] to NetGear.

(Opp, at 12-14).

Under this theory, the first alleged predicate act (involving the 2009 SercoNet agreement) is critical to Cisco's ability to allege a "pattern of racketeering activity" consisting of a "series of related predicates *extending over a substantial period of time.*" *H.J. Inc. v. Bell Tel. Co.*, 492 U.S. 229, 242 (1989) (emphasis added). Cisco cannot rely on the second and third predicate acts to satisfy this requirement because those two events occurred within the space of only one month (October-November 2011).[1] As a result, Cisco must allege that MOSAID also committed a

---

[1] Courts have repeatedly held that alleged predicate acts spanning a period of a year or less are insufficient to establish a pattern of racketeering activity. *See, e.g., Battiste v. Arbors Mgmt., Inc.*, No. 12-1355, 2013 WL 2561229, at *2 (3d Cir. June 12, 2013) (twelve months); *Hughes v. Consol-Pa. Coal Co.*, 945 F.2d 594, 611 (3d Cir. 1991) (same); *Hindes v. Castle*, 937 F.2d 868,

predicate crime in 2009 in order to assert that MOSAID engaged in alleged racketeering activity over a "*substantial time period of at least three years*" (January 2009-November 2011). (Opp., at 14-15) (emphasis added).

Yet, in its Opposition Memorandum (as in its SAC), Cisco defines the alleged 2009 "crime" as consisting entirely of MOSAID's alleged failure to "take steps" to obtain evidence held by a third party. In particular, Cisco asserts that in 2009 MOSAID violated 18 U.S.C. § 1512 by failing to take the following steps:

1. negotiate a "Cooperation Provision" requiring SercoNet to provide documents for a period of longer than one year;
2. collect from SercoNet certain unspecified documents allegedly relevant to MOSAID's licensing and enforcement actions; and
3. "take steps to obtain or otherwise preserve any remaining SercoNet documents" relevant to the patents-in-suit.

(Opp., at 7-8, 12; SAC, ¶ 118; *see generally id.*, at ¶¶ 104-125).

Even if these alleged "acts of omission" are taken as true (and even if one were to ignore the remarkable fact that Cisco failed to make any effort to obtain these documents during the ITC proceeding), the allegations are insufficient as a matter of law to establish a federal criminal offense. Indeed, Cisco's "failure to act" theory is directly contrary to both the statutory language of § 1512 and the Third Circuit's Criminal Pattern Jury Instructions for a § 1512 offense. *See, e.g.,* 18 U.S.C. § 1512; Third Circuit Criminal Pattern Jury Instructions, § 6.18.1512B. These authorities make clear that § 1512 requires proof that the defendant corruptly engaged in a specific *affirmative* act—either (1) corruptly altering, destroying or concealing evidence; (2) corruptly intimidating, threatening or persuading another person to alter, destroy, conceal or

874-75 (3d Cir. 1991) (eight months); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1413 (3d Cir. 1991) (same); *Banks v. Wolk*, 918 F.2d 418, 422-23 (3d Cir. 1990) (same).

withhold evidence; or (3) corruptly obstructing or impeding an official proceeding. 18 U.S.C. § 1512 (b) and (c).[2]

Thus, under the plain language of the statute, a mere "failure to act" cannot trigger criminal liability under § 1512. Not surprisingly, therefore, in its Opposition Memorandum, Cisco cites *no case* holding that a defendant violates § 1512 by simply "failing to take steps" to preserve evidence—particularly evidence in the lawful possession of a third party.

For these reasons, the SercoNet allegations are insufficient as a matter of law, which requires dismissal of the RICO count. As noted earlier, Cisco's remaining allegations (dealing with two predicate acts allegedly occurring in October and November of 2011) are facially insufficient to satisfy the "continuity" element of the required "pattern of racketeering activity."[3] *See, e.g., H.J.*, 492 U.S. at 242; *Battiste*, 2013 WL 2561229, at *2; *Hughes*, 945 F.2d at 611; *Hindes,* 937 F.2d at 874-75. Consequently, the RICO count should be dismissed for failure to state a claim.

---

[2] Section 1512(b) and (c) provide in relevant part:

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

* * *

(2) cause or induce any person to--

(A) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(B) alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

* * *

(c) Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

* * *

[3] Cisco also refers to MOSAID's agreements [redacted] but does not allege that these agreements violated any federal criminal statute. (Opp., at 9). As a result, the agreements cannot constitute predicate acts under RICO. *See* 18 U.S.C. § 1961(5).

## III. CISCO FAILS TO ADEQUATELY PLEAD AN UNCLEAN HANDS DEFENSE

In response to MOSAID's motion to dismiss its "unclean hands" defense, Cisco argues that § 1512 does not require the defendant to be "successful in attaining [sic] false evidence," and that, in any event, "unclean hands does not require a federal crime, but simply 'egregious conduct.'" (Opp., at 24-25 and n. 16). On this basis, Cisco asserts that, for purposes of its "unclean hands" defense, it does not have to plead or prove that (1) the patentee engaged in an affirmative act of alleged misconduct; (2) the patentee acted with a bad intent; or (3) the patentee induced other parties to conceal or falsify evidence. (*Id.*).

Cisco's argument fails on several counts. First, even if Cisco's unclean hands defense does not require proof of a federal crime (and thus does not suffer from the same deficiencies as Cisco's RICO count), the defense rests ultimately on allegations of spoliation, which requires some showing of a material effect on relevant evidence in the proceeding. *See, e.g., Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011).

In this case, Cisco's unclean hands defense alleges *no facts* that show any of MOSAID's alleged "misconduct" resulted in the destruction or alteration of any evidence, or that the same evidence was not otherwise available to Cisco. Indeed, in the case of the NetGear and ShoreTel [REDACTED] Cisco concedes by its silence that the extensions did not result in any concealed, destroyed or altered evidence.

In the case of the 2009 SercoNet Agreement, Cisco cites its conclusory allegation that MOSAID's alleged failure to preserve evidence resulted in "highly relevant documents and other evidence in SercoNet's possession becom[ing] spoliated, lost, destroyed and/or otherwise unavailable." (Opp., at 24 (citing SAC. ¶133)). But Cisco provides no explanation as to how this conclusory assertion is a "reasonable inference" to be drawn from any *specific* factual content alleged in the SAC. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Instead, Cisco

simply asserts that its detailed factual allegations makes this conclusion "plausible." (Opp. at 24). The complete absence of any explanation or analysis is particularly striking given that, as the ALJ correctly noted, Cisco made no effort to obtain the same documents through legal process during the ITC proceeding—and, as a result, Cisco has no apparent factual basis for asserting that any relevant SercoNet documents have been "spoliated, lost, destroyed and/or otherwise unavailable."

Cisco also asserts that any claim that the SAC fails to allege bad intent is "inconsistent" with paragraphs 44-65, 71-84 and 283-84 of the amended complaint. (Opp. at 24). But none of these paragraphs allege that MOSAID intended to cause third parties to give false testimony or conceal documents. At best, the paragraphs allege that MOSAID intended for the third parties to produce evidence helpful to MOSAID's case against Cisco. (*See* SAC, ¶¶ 44, 56.) The SAC makes no allegation that MOSAID intended for these parties to destroy, alter, conceal or withhold any evidence.

Finally, Cisco implies that, in any event, an unclean hands defense may not require an allegation of bad faith or bad intent. (Opp. at 24). Cisco's argument ignores the case law holding that "[b]ad intent is the essence of the defense of unclean hands." *Perfumebay.com Inc. v. eBay Inc.*, 506 F.3d 1165, 1177 (9th Cir. 2007). This requirement reflects several Supreme Court decisions upholding an unclean hands defense in cases involving "deliberately planned and carefully executed schemes to defraud not only the PTO but also the courts." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011). Other courts have emphasized the importance of bad faith as an element of the unclean hands defense. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 897 F. Supp. 2d 939, 978 (N.D. Cal. 2012); *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 311 (D. Del. 2005). Accordingly,

Cisco's failure to allege that MOSAID intended to cause third parties to give false testimony or conceal or destroy documents is fatal to its unclean hands defense and counterclaim.

## IV. CONCLUSION

For these reasons (and for the reasons set forth in the Individual Defendants' Reply Brief), MOSAID respectfully requests that Counts 21-23 of Cisco's Second Supplemental Amended Complaint be dismissed.

OF COUNSEL

Brian A. Rosenthal
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006-1101

James R. Ferguson
Steven Yovits
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637

Dated: October 25, 2013
1127835

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*MOSAID Technologies Inc.*